UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. )
) CRIMINAL NO. 04-10040-RCL
GEORGE SCHUSSEL, )
Defendant )
)

### JOINT MOTION FOR *NUNC PRO TUNC* DESIGNATION AS COMPLEX CASE

The United States of America, by its attorneys, Michael J. Sullivan, United States Attorney, and Carmen M. Ortiz, Assistant U.S. Attorney, and George Schussel, by his attorneys, Martin G. Weinberg and Frank J. DiMento, Sr., jointly move this Court to enter an Order pursuant to Title 18, United States Code, Section 3161 (h)(8), finding that this is a "complex case" and it is therefore "unreasonable to expect adequate preparation for pretrial proceedings or for trial...within the time limits established" by the Speedy Trial Act and the Local Rules. *See* 18 U.S.C. §3161(h)(8)(B)(ii); *see also* 18 U.S.C. §3161(h)(8)(B)(iv).

In support of this motion, the parties state as follows:

1.      The Indictment was filed on February 26, 2004, and charges the defendant with a complicated conspiracy and tax evasion scheme, involving an off shore bank account.

2.      The defendant was arraigned on March 8, 2004, at which time he entered a plea of not guilty to the charges in the Indictment.

3.      This case is complex because there is voluminous discovery obtained by the government and the defendant, including approximately 45-50 boxes of records, which has taken time to review and resulted in further requests for discovery. The government is in the process of responding to defendant's most recent request for additional discovery, which will be filed by

1

September 10, 2004. The defendant has reserved the right to file a motion for further discovery particulars if he is not satisfied with the government's response.

4.    Further, this case is complex because there are numerous evidentiary issues involving the attorney-client privilege, opinion and work product privilege, joint defense agreements and the statute of limitations, which the parties submit will require extensive hearings. Specifically, the parties are in the process of reviewing a privilege log that has been submitted by the defendant's prior counsel, which evidence the government expects to seek on a number of basis, including the crime fraud exception to the attorney-client privilege, and defendant will oppose. Additionally, based on extensive documents previously obtained from the government, the defendant is in the process of preparing a list, identifying certain documents that the defendant will seek to suppress or exclude admission of on the basis of the attorney-client privilege, opinion and fact work product privilege, and issues relating to joint defense agreements. The parties have submitted a briefing schedule to Magistrate Judge Joyce L. Alexander, outlining defense motions the defendant expects to file to suppress and exclude documentary, as well as testimonial evidence, which will take at least six months to brief and argue, due to the complex and unique issues of law and fact presented.

5.    Moreover, the litigation of the documentary suppression issues will require privilege logs which may necessitate document by document briefing, since issues such as the nature of the privilege being asserted, the legal validity of the assertion of the privilege, and the propriety of any of the several exceptions to the privilege that will be raised by the prosecution may only be determined on a particularized rather than a generalized basis. Likewise, the litigation of the testimonial suppression issues which will address whether the defendant's prior counsel can testify and if so, regarding which subjects, will require subject by subject

2

determination. Similarly, the defendant's intended motion to exclude portions of the expected testimony of several prosecution witnesses on the basis that the testimony implicates information protected by a joint defense privilege, will require extensive briefing, hearings, and determination. Finally, there will be litigation relating to the statute of limitations, given that the charges in the Indictment relate to a tax evasion scheme regarding 1995 corporate and personal income tax returns.

As a result of the unusual and complex character of this case, the nature of the charges and novel questions of fact and law, it has been "unreasonable to expect adequate preparation for pretrial proceedings [and] the trial itself within the time limits established" by the Speedy Trial Act.

WHEREFORE, the parties move this Court for an Order designating this case a "complex case" *nunc pro tunc* pursuant to Section 3161(h)(8)(B)(ii), for purposes of the Speedy Trial Act.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  *Carmen M. Ortiz*

Carmen M. Ortiz
Assistant U.S. Attorney
Mass. Bar No. 380390
U. S. Attorney's Office
John Joseph Moakley
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

*Martin G. Weinberg /cmo*

Martin G. Weinberg
Mass. Bar No. 51940
Oteri Weinberg & Lawson
20 Park Plaza
Boston, MA 02116

*Frank J. DiMento, Sr. /cmo*

Frank J. DiMento, Sr.
DiMento & Sullivan
7 Faneuil Marketplace
Boston, MA 02109

Date: September 2, 2004