UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 04-10040-RCL |
| GEORGE SCHUSSEL, ) | |
| Defendant ) | |
| ) | |

REPORT & ORDER ON
FINAL STATUS CONFERENCE

ALEXANDER, M.J.

On August 19, 2004, the parties appeared before this Court for a Final Status Conference. With regard to the following issues, the parties have represented that:

1. There are features of the case that deserve special attention or modification of the standard schedule, and the parties are seeking a further Final Status Conference. In particular, this is a very complex conspiracy and tax evasion case, with numerous evidentiary issues involving the attorney-client privilege that need to be resolved. Presently, the parties are awaiting a privilege log from the defendant's prior counsel, which is expected by September 8, 2004. Additionally, based on extensive documents previously obtained from the government in discovery, the defendant is in the process of preparing a list, identifying certain documents that the defendant will seek to suppress or exclude admission of on the basis of the attorney-client privilege, opinion and fact work product privilege, and issues relating to joint defense agreements. It is anticipated that after the privilege log and identification lists are submitted, the defendant will file motions to exclude certain documentary evidence on the basis of the attorney-client privilege. Further, defendant intends to file motions to exclude certain anticipated testimonial evidence on the basis of the attorney-client privilege, opinion and work product privilege, issues relating to joint defense agreements, and other stated privileges.

2. Discovery is not complete. The government received a letter request on August 13, 2004 from defendant for additional discovery relating to the outstanding attorney-client and joint defense issues. The parties have discussed this request, and the government will file a response by September 10, 2004. The government expects that the response will complete discovery that is due at this stage. The defendant reserves the right file a motion for further discovery particulars if he is not satisfied with the government's response.

3. Supplemental discovery is anticipated.

4. (a) Total amount of time ordered excluded under the Speedy Trial Act: 164 days.

(b) Amount of time remaining under the Speedy Trial Act before trial must commence: 70 days.

(c) Pending or anticipated motions that will cause additional excludable time under the Speedy Trial Act: The defendant intends to file motions to suppress and exclude documentary and testimonial evidence, and the government will file opposition to such motions.

The period from 8/19/04, on which date the defendant stated an intention to file motions to suppress and exclude evidence, and the Court established a briefing schedule, until the conclusion of the hearings on, or other prompt disposition of the defendant's motions to suppress or exclude evidence, is excludable pursuant to 18 U.S.C. § 3161 (h)(1)(F). Further, this period is exlcludable pursuant to 18 U.S.C. § 3161(h)(8)(A), because the ends of justice are served by allowing time for the defendant to seek further discovery material and to determine what pre-trial motions to file outweigh the defendant's and the public's interest in a speedy trial.

5. (a) The defendant does not intend to raise a defense of insanity.

   (b) The defendant does not intend to raise a defense of public authority.

6. The Government has not requested notice of alibi by the defendant.

7. (a) Motions to sever, dismiss, suppress, or any other motion requiring a ruling by the District Court before trial: Defendant intends to file motions to suppress and exclude evidence, motions to dismiss counts, motions to strike overt acts, motions in limine to exclude evidence, and motions to dismiss relating to statute of limitations issue. The government intends to file motions to compel testimony relating to the attorney-client issue.

   (b) Briefing schedule established: The parties will receive a privilege log by September 8, 2004. The defendant will file motions to suppress and exclude documentary evidence on or before October 15, 2004. The government will file an opposition on or before November 15, 2004. The parties request a hearing on these motions before the District Court on or after December 1, 2004, to permit reply briefs. The defendant intends to file additional motions to suppress testimonial evidence, motions to dismiss, motions to strike overt acts, and for other relief, on or before January 14, 2005. The government will file an opposition on or before February 11, 2004. The parties request a hearing before the District Court on these motions on or after March 14, 2004, to permit reply briefs, or on a date substantially before any scheduled trial date.

8. Need for schedule concerning any matter in the case other than trial: Hearings on the anticipated motions to be filed by defendant should be scheduled.

9. Possibility of early resolution of case without trial: None

10. Trial is necessary. Estimated duration of trial: 3 to 4 weeks.

11. Other matters: As noted above, the parties request a further Final Status Conference to resolve any remaining discovery issues and to report whether the privilege log requested from defendant's prior counsel has been timely and adequately filed, and to finalize the briefing schedule noted above, on or after September 13, 2004.

IT IS HEREBY ORDERED THAT the case is continued for further Final Status Conference on September 14, 2004, at 3:45 PM.

By the Court,

Date  9/14/04

/S/ Rex Brown
Deputy Clerk