UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 04-10060-RCL |
| GEORGE SCHUSSEL, ) | |
| Defendant ) | |

SECOND JOINT MEMORANDUM FOR FINAL STATUS CONFERENCE

The parties submit this joint memorandum addressing the issues set out in Local Rule 116.5(C):

1. There are features of the case that deserve special attention or modification of the standard schedule. In particular, this is a very complex conspiracy and tax evasion case, with numerous evidentiary issues involving the attorney-client privilege that need to be resolved. The parties filed a joint motion requesting that the case be designated a "complex case" for purposes of the Speedy Trial Act, and the District Court entered an order allowing the motion on September 14, 2004.

The parties submit that, as referenced in the previous Joint Memorandum for Final Status Conference filed on August 19, 2004, the privilege logs anticipated from defendant's current and prior counsel have been completed and provided to the relevant parties. The defendant is now in the process of preparing, and will be filing motions to exclude certain documentary evidence on the basis of the attorney-client privilege. Further, the defendant intends to file motions to exclude certain anticipated testimonial evidence on the basis of the attorney-client privilege, opinion and work product privilege, issues relating to joint defense agreements, and other stated privileges.

2. Discovery is now complete.

3. Supplemental discovery is not anticipated until 30 - 60 days prior to trial.

4. (a) Total amount of time ordered excluded under the Speedy Trial Act thus far is 164 days, and the parties are requesting an additional exclusion of 26 days, for a total of 190 days to date.

   (b) Amount of time remaining under the Speedy Trial Act before trial must commence:
   70 days if present motion is allowed.

   (c) Pending or anticipated motions that will cause additional excludable time under the

1

Speedy Trial Act: See Paragraph 7(a - b) infra.

The parties submit that the period from 8/19/04 to September 14, 2004, on which date the parties indicated that further discovery was anticipated and that a further final satus conference date was needed, is excludable pursuant to 8 U.S.C. § 3161(h)(8)(A), because the ends of justice are served by allowing time for the defendant to obtain further discovery material and to determine what pre-trial motions to file outweigh the defendant's and the public's interest in a speedy trial.

5. (a) The defendant does not intend to raise a defense of insanity.

   (b) The defendant does not intend to raise a defense of public authority.

6. The Government has not requested notice of alibi by the defendant.

7. (a) Motions to sever, dismiss, suppress, or any other motion requiring a ruling by the District Court before trial: Defendant intends to file motions to suppress and exclude evidence, motions to dismiss counts, motions to strike overt acts, motions in limine to exclude evidence, and motions to dismiss relating to statute of limitations issue. The government intends to file motions to compel testimony relating to the attorney-client issue.

   (b) Briefing schedule established: The defendant will file motions to suppress and exclude documentary evidence on or before October 15, 2004. The government will file an opposition on or before November 15, 2004. The parties request a hearing on these motions before the District Court on or after December 1, 2004, to permit reply briefs. The defendant intends to file additional motions to suppress testimonial evidence, motions to dismiss, motions to strike overt acts, and for other relief, on or before January 14, 2005. The government will file an opposition on or before February 11, 2004. The parties request a hearing before the District Court on these motions on or after March 14, 2004, to permit reply briefs, or on a date substantially before any scheduled trial date.

8. Need for schedule concerning any matter in the case other than trial: Hearings on the anticipated motions to be filed by defendant should be scheduled.

9. Possibility of early resolution of case without trial: None

10. Trial is necessary. Estimated duration of trial: 3 to 4 weeks.

11. Other matters: None

Respectfully submitted,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>United States Attorney<br><br>By: *Carmen M. Ortiz*<br>CARMEN M. ORTIZ<br>Assistant U.S. Attorney | *Martin G. Weinberg*<br>MARTIN G. WEINBERG, ESQ.<br>Mass. Bar No. 519480<br>Oteri, Weinberg, & Lawson<br>20 Park Plaza<br>Boston, MA 02116<br>(617) 227-3700<br><br>*Frank J. DiMento*<br>FRANK J. DIMENTO, SR., ESQ.<br>Dimento & Sullivan<br>7 Faneuil Marketplace<br>Boston, MA 02109<br><br>COUNSEL FOR DEFENDANT |

Dated: September 14, 2004