UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br> v.  )<br>  )<br>GEORGE SCHUSSEL,  )<br> Defendant )  | CRIMINAL NO. 04-10060-RCL |

**DEFENDANT GEORGE SCHUSSEL'S MOTION TO DISMISS COUNTS 2 AND 3 FOR VIOLATION OF THE STATUTE OF LIMITATIONS AND INCORPORATED MEMORANDUM OF LAW**

Now comes the defendant George Schussel and respectfully moves that this Honorable Court dismiss Counts 2 and 3 for violation of the statute of limitations.

As reason therefor, defendant refers the Court to the Memorandum of Law incorporated herein.

**REQUEST FOR ORAL ARGUMENT**

Defendant requests oral argument and, if necessary, an evidentiary hearing on this motion.

**LOCAL RULE 7.1(A)(2) STATEMENT**

Counsel attempted to contact AUSA Carmen Ortiz on Monday, January 17, 2005, but was unsuccessful because of the holiday. Counsel does, however, understand from prior conversations with AUSA Ortiz that the government would not assent to the granting of this motion.

**MEMORANDUM OF LAW**

Both Counts 2 and 3 of the indictment charge defendant George Schussel with violations of 26 U.S.C. §7201, which provides:

> Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to any other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation) or imprisoned not more than

five years, or both, together with the costs of prosecution.

Count 2 charges Schussel with tax evasion with respect to the 1995 corporate tax return of Digital Consulting, Inc. ("DCI"); Count 3 charges him with tax evasion with respect to his 1995 personal tax return. The statute of limitations for §7201 offenses is six years. 26 U.S.C. §6531. Schussel's 1995 individual federal tax return was filed on or about March 15, 1996, and, therefore, a §7201 prosecution based upon the filing of that return would be timely only if it were instituted before on or about March 15, 2002. The DCI 1995 corporate tax return was also filed on or about March 15, 1996, a §7201 prosecution based on the filing of that return would also be timely only if it were instituted before on or about March 15, 2002. The indictment in this case was returned on February 26, 2004. Defendant contends herein that both of these counts are time-barred.

**I.    THE FILING OF ALLEGEDLY FALSE TAX RETURNS IN 1996 DOES NOT PROVIDE A VALID BASIS FOR CONVICTION.**

The elements of the §7201 offense are "willfulness; the existence of a tax deficiency, . . .; and an affirmative act constituting an evasion or an attempted evasion of the tax." *Sansone v. United States*, 380 U.S. 343, 351 (1965). Both Counts 2 and 3 charge that "on or about March 11, 1998," Schussel violated §7201 by committing one, or both, of two distinct affirmative acts: (1) making false statements to an IRS revenue agent,[1] or (2) filing a false tax return for tax year 1995.[2] Thus, were Counts 2 and 3 submitted to the jury as written, the jury could convict Schussel if it found

---

[1] Given the date of the offense charged, the false statements alleged are, defendant assumes, those which the government contends were contained in a letter of that date written by defendant's counsel, Edward DeFranceschi, to IRS Revenue Agent Kelly McGovern.

[2] Both Counts 2 and 3 incorporate by reference the "Introduction" and the "Manner and Means of the Conspiracy" sections of Count 1, although not the "Overt Acts" section. However, the charging paragraph of both Counts 2 and 3 refer only to the two affirmative acts listed above.

beyond a reasonable doubt that he had *either* made a false statement to an IRS revenue agent *or* filed false 1995 tax returns, or both. The problem which arises from such a formulation of the indictment is that one of the two affirmative acts charged – the filing of false 1995 tax returns – could not provide a valid basis for conviction, because the statute of limitations had run on that affirmative act. Counts 2 and 3 cannot be submitted to the jury, because, as written, they would permit the jury to convict Schussel of an offense on which the statute of limitations had expired well before the return of the indictment.[3] Counts 2 and 3 must, therefore, be dismissed.[4]

### III.    THE OFFENSES ALLEGED IN COUNTS 2 AND 3 ENDED WITH THE FILING OF THE ALLEGEDLY FALSE 1995 TAX RETURNS, AND PROSECUTION ON COUNTS 2 AND 3 IS THEREFORE BARRED BY THE STATUTE OF LIMITATIONS.

Contrary to much of the case law in this area, the commission of an affirmative act of evasion within the limitations period does *not* extend the statute of limitations with respect to the filing of a false tax return outside the statute of limitations. Instead, the §7201 offense is complete upon the

---

[3] In *United States v. Shorter*, 608 F.Supp. 871 (D.D.C. 1985), *aff'd* 809 F.2d 54 (D.C. Cir. 1987), for example, the Court, although concluding that a single §7201 count charging tax evasion for 12 separate years was not duplicitous, as it was part of a single course of conduct, stated its intention to instruct the jury that it must be unanimous as to at least one act of evasion and to use a special verdict form to ensure that it was. *Id.* at 861. *See United States v. Feldman*, 731 F.Supp. 1189, 1195 n.8 (S.D.N.Y. 1990).

[4] In addition, both Counts 2 and 3 charge an offense committed on a single date – March 11, 1998. The alleged filing of false tax returns occurred, if at all, approximately two years earlier. They cannot, therefore, be an offense committed "on or about March 11, 1998." Some courts have concluded that it is permissible for a §7201 offense to be charged as a continuing course of conduct. *See, e.g., United States v. Pollen*, 978 F.2d 78, 84 (3d Cir. 1992); *Feldman*, 731 F.Supp. at 1194; *Shorter*, 608 F.Supp. at 879; *see also United States v. Ferris*, 807 F.2d 269, 270 & n.3 (1st Cir. 1986)(indictment charged continuing offense). Unlike such cases, the offense here is *not* charged as a continuing one, but instead as one committed on a single date. In any event, as addressed in Section III, *infra*, where an allegedly false tax return has been filed, the offense is complete upon the filing of the return, and the offense may not be charged as a continuing one.

filing of the allegedly false return, and the statute of limitations begins to run as of that date. Many of the cases which have held that later affirmative acts of evasion extend the statute of limitations have concluded that such a result is dictated, or at least supported, by *United States v. Beacon Brass Co.*, 344 U.S. 43 (1952). *See, e.g., United States v. Hunerlach*, 197 F.3d 1059, 1064-65 (11th Cir. 1999); *United States v. Winfield*, 960 F.2d 970, 973 (11th Cir. 1992);[5] *see also United States v. Ferris*, 807 F.2d 269, 271 (1st Cir. 1986).[6] Other cases have reached the same conclusion by relying on earlier cases which had derived their holdings from *Beacon Brass*. *See, e.g., United States v. Anderson*, 319 F.3d 1218, 1219 (10th Cir. 2003); *United States v. Dandy*, 998 F.2d 1344, 1355 (6th Cir. 1993). These cases, however, rest upon a fundamental misunderstanding of *Beacon Brass.*

In *Beacon Brass*, the original indictment charged the defendants with making false statements to the IRS on a specific date "for the purpose of supporting, ratifying, confirming and concealing the fraudulent and incorrect statements and representations made in the corporate tax return of . . . Beacon Brass Co. . . . filed on or about January 5, 1945." 344 U.S. at 44. The statute of limitations had run on the filing of the false tax return but not on the making of false statements. The district court dismissed the indictment as duplicitous, whereafter the government obtained a superceding indictment which deleted reference to the allegedly fraudulent return and relied solely on the false statements to the IRS. Defendants argued that the offense could not be charged under the predecessor statute to §7201, with its six-year statute of limitations but instead was required to

---

[5] In *United States v. Uscinski*, 369 F.3d 1243, 1247 &n.* (11th Cir. 2004), the Eleventh Circuit limited the reach of *Winfield* to cases in which no return was filed. *See* page 6, *infra.*

[6] As addressed at pages 6-7, *infra*, *Ferris* is distinguishable from this case, and this Court need not, therefore, ignore controlling law in the First Circuit to uphold the defendant's position.

be charged under the predecessor statute to 18 U.S.C. §1001, as to which the statute of limitations was three years. In reaching the conclusion that false statements to the IRS could be charged under the predecessor to §7201, the Court noted that "[t]he language of [§7201] which outlaws willful attempts to evade taxes 'in any manner' is clearly broad enough to include false statements made to Treasury representatives for the purpose of concealing unreported income." *Id.* at 45-46. Thus, *Beacon Brass* said no more than that a charge of making false statements to the IRS states an offense under what is now §7201. *See United States v. Goodyear*, 649 F.2d 226, 227-28 (4th Cir. 1981)(indictment charged only false statements, which Court concluded constituted affirmative acts of evasion sufficient to support §7201 charge). Thus, *Beacon Brass* did not say, as some courts have interpreted it, *see, e.g., Winfield*, 960 F.2d at 973, that false statements made to the IRS after the date the return was filed "were included as part of the crime." What it also did not say is that when an allegedly false return was filed, the statute of limitations would be extended beyond six years by subsequent false statements made with an intent to evade taxes.

Having lost their argument that they could not be prosecuted under §7201, the *Beacon Brass* defendants offered an alternative basis on which the district court's dismissal of the superceding indictment could be sustained: that the acts charged in the original indictment constituted only one crime of tax evasion which was complete when the allegedly false tax return was filed and that the statute of limitations had, accordingly, expired before the indictment was returned, creating a *res judicata* bar to the return of the superceding indictment. The *Beacon Brass* Court declined to pass upon these issues. *Id.* at 47.[7]

---

[7]

The Court predicated its declination on a conclusion that its jurisdiction was limited to review of the district court's construction of the statute. However, if it followed as night the day from *Beacon Brass*, as some courts have concluded, that false statements to the IRS made after the

The Court did, however, pass on the issue, although not in the context of determining when the statute of limitations began to run, when it said in *Sansone v. United States*, 380 U.S. 343, 354 (1965), that the §7201 offense was complete "as soon as the false and fraudulent understatement of taxes . . . was filed," for which proposition the Court cited *Beacon Brass*. The Eleventh Circuit recognized the applicability of *Sansone* to the question of when a §7201 offense was complete in *United States v. Uscinski*, 369 F.3d 1243, 1247 & n.* (11th Cir. 2004). Based upon the language of *Sansone* quoted above, the Court ruled that its prior holding in *Winfield* that the statute of limitations began to run from the date of the last act of evasion was required to be limited to cases in which no return had been filed; in cases in which a return *had* been filed, the Court concluded, *Sansone* mandated that the offense be regarded as complete upon the filing of the allegedly false return. *See also United States v. Habig*, 390 U.S. 222, 223 (1968); *United States v. Daniels*, 387 F.3d 636, 641 (7th Cir. 2004); *United States v. McGill*, 964 F.2d 222, 230 (3d Cir. 1992). Thus, under *Sansone*, the §7201 offenses charged were complete when the allegedly false tax returns were filed, and Counts 2 and 3 are barred by the statute of limitations.

*Ferris* does not validate the timing of the filing of this indictment with respect to Counts 2 and 3. The fundamental distinction between *Ferris* and this case – one which the Eleventh Circuit recognized in *Uscinski*, but which many courts have not – is that in *Ferris*, no tax return was filed. The count at issue in *Ferris* charged that Ferris evaded taxes by failing to file tax returns, failing to pay the taxes due, and concealing his true and correct taxable income from officers of the United States. 807 F.2d at 270 n.3. Ferris argued that the indictment, which was returned in January, 1985,

---

filing of a false return extended the statute of limitations, one cannot help but wonder why the Supreme Court would not just have said so.

was time-barred, as the statute of limitations had begun to run on the date he failed to file his 1977 return, April 15, 1978. At the defendant's plea hearing, the government identified two false statements made by the defendant after that date, one in April, 1979, and the other in 1983, both of which were within the statute of limitations. There was, in actuality, no issue before the *Ferris* Court regarding whether subsequent false statements extended the statute of limitations because, under *Spies v. United States*, 317 U.S. 492, 499 (1943), simply failing to file a tax return does not constitute an *affirmative* act of evasion sufficient to make the offense a §7201 felony, as opposed to a §7203 misdemeanor.[8] *See, e.g., Sansone*, 380 U.S. at 351; *United States v. Payne*, 978 F.2d 1177, 1178 (10th Cir. 1992); *United States v. Becker*, 965 F.2d 383, 387 (7th Cir. 1992); *United States v. Mal*, 942 F.2d 682, 684-85 (9th Cir. 1991); *United States v. Masat,* 896 F.2d 88, 97-98 (5th Cir. 1990). Therefore, the statute of limitations could not have begun to run when the return was due, as Ferris had not yet committed an affirmative – as opposed to a passive – act of evasion. Accordingly, the statute of limitations necessarily would not begin to run until he had committed at least one affirmative act of evasion. Since both the false statements identified by the government fell within the statute of limitations, the statute of limitations was in no way extended by the false statements. *Ferris* cannot, therefore, be read to have settled the issues presented in this motion.

Statutes of limitations are "to be liberally construed in favor of repose." *Habig*, 390 U.S. at 227, *quoting United States v. Scharton*, 285 U.S. 518, 522 (1932). *See, e.g., United States v. Phillips*,

---

[8] The *Ferris* Court noted that "the acts on which the crime was based . . . [were] the false statements made in 1979 and 1983." *Id.* at 271. The Court's statement that the offense would have been complete as of April, 1978, if all defendant had done was to fail to file his 1977 return is irreconcilable with *Spies*. However, it is unnecessary for this Court to take issue with this portion of the *Ferris* opinion in order to reach the result sought by Schussel. The simple fact that no return was filed in *Ferris*, where ones *were* filed here, suffices, under *Sansone* and *Uscinski*, to dispositively distinguish this case from *Ferris*.

843 F.2d 438, 443 (11th Cir. 1988). They are *not* to be routinely construed to extend indefinitely the period of time during which a criminal prosecution may be instituted. *See Feldman*, 731 F.Supp. at 1196 (noting that it was not confronted with a case in which a defendant was called in to talk to the IRS many years after he filed a fraudulent return).[9] An indefinite extension of the time during which a defendant may be prosecuted for filing a false tax return is wholly inconsistent with the policies and purposes underlying statutes of limitations.

> The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of such acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far distant past.

*Toussie v. United States*, 397 U.S. 112, 114-15 (1970). This does not mean that the government is without recourse after six years have passed since the filing of the allegedly false return if it believes that affirmative acts of evasion occurred within the limitations period. It can, as it has done here, indict the defendant for a tax evasion conspiracy under 18 U.S.C. §371.[10] What it cannot do is what it has done here – charge the defendant with filing an allegedly false tax return *eight* years after the return was filed. The statute of limitations as to that alleged offense had irrevocably run before the

---

[9] In *Feldman*, the fraudulent tax returns were filed by entities separate from the defendants, and the conduct with which the defendants were charged was an ongoing course of fraudulent conduct which did not include the filing of false returns.

[10] In addition, if the government wished to prosecute a defendant for allegedly false statements made after the filing of the return, it would have the option of charging him or her under 18 U.S.C. §1001, the general federal false statements statute, assuming that the statements fell within the five-year statute of limitations applicable to such offenses. In this case, a §1001 prosecution for allegedly false statements made on March 11, 1998, would have been time-barred as of March 11, 2003, prior to the return of this indictment.

indictment in this case was returned. Counts 2 and 3 must, therefore, be dismissed.

Even should this Court conclude that the alleged false statements contained in the March 11, 1998, letter extended the statute of limitations as to the filing of the DCI tax return charged in Count 2, it cannot be found to have extended the statute of limitations with respect to the filing of Schussel's personal tax return charged in Count 3. This is so because the alleged false statements are charged to have been made "in order to mislead and impede an audit examination of [DCI's] United States Corporate Income Tax Return." Even if it did contain false statements, therefore, the March 11, 1998, letter did not constitute an affirmative act of evasion with respect to Schussel's 1995 *personal* income tax return.

## CONCLUSION

For all the foregoing reasons, Counts 2 and 3 must be dismissed.

Respectfully submitted,
By his Attorneys,

/s/ Martin G. Weinberg
Mass. Bar No. 519480
20 Park Plaza, Suite 905
Boston MA 02116
(617) 227-3700

                                                    /s/ Francis J. DiMento
                                                    DiMento & Sullivan
                                                    7 Faneuil Marketplace
                                                    Boston, MA 02109
                                                    (617) 523 2345

DATED: January 18, 2005