UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10060-RCL |
| | ) | |
| GEORGE SCHUSSEL, | ) | |
| Defendant | ) | |

### DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

Now comes the defendant George Schussel and respectfully moves that this Honorable Court order that the government provide him with the following particulars, relating to ¶12 of Count One of the indictment: Identification of the object of the conspiracy charged, with particular regard to the specific federal income taxes the ascertainment, computation, assessment, and collection of which the defendant is alleged to have conspired to impede, impair, obstruct and defeat.

As reason therefor, defendant refers this Court to the Memorandum of Law incorporated herein.

### REQUEST FOR ORAL ARGUMENT

Defendant requests oral argument on this motion.

### LOCAL RULE 7.1(A)(2) STATEMENT

Counsel attempted to contact AUSA Carmen Ortiz on Monday, January 17, 2005, but was unsuccessful because of the holiday. Counsel does, however, understand from prior conversations with AUSA Ortiz that the government would not assent to the granting of this motion.

### MEMORANDUM OF LAW

At the trial of this case, the government will have the burden to prove, as to Count One, that Schussel conspired with one or more persons to impair and impede the functions of the IRS in the

ascertainment, computation, assessment, or collection of federal income taxes. Count One does not, however, provide defendant with notice of the specific income taxes as to which he is alleged to have conspired to impede, impair, obstruct, or defeat the functions of the IRS..

"The function of a bill of particulars is to provide the defendant with necessary details of the charges against him to enable him to prepare his defense, to avoid surprise [at] trial, and to protect against double jeopardy." *United States v. Abreu*, 952 F.2d 1458, 1469 (1st Cir. 1992). *See, e.g., United States v. Sepulveda*, 15 F.3d 1161, 1192 (1st Cir. 1993); *United States v. Paiva*, 892 F.2d 148, 154 (1st Cir. 1989). The requested particulars are essential in this case to serve all three functions. First, Schussel cannot adequately prepare his defenses as to Count One without knowing the specific income taxes as to which the government will contend at trial that he impeded the functions of the IRS. Second, the identity of the specific income taxes which the government will seek to prove at trial were the object of the alleged conspiracy is manifestly necessary to avoid unfair surprise at trial. Third, unless the income taxes which are alleged to be the object of the alleged conspiracy are specified, defendant will not have adequate protection under the Double Jeopardy Clause.

## CONCLUSION

For all the foregoing reasons, this Court should order the government to provide defendant with the requested particulars.

Respectfully submitted,
By his attorneys,

/s/ Martin G. Weinberg
Martin G. Weinberg
20 Park Plaza, Suite 905
Boston, Massachusetts 02116
(617) 227-3700
BBO # 519480

/s/ Francis J. DiMento  
DiMento & Sullivan  
7 Faneuil Marketplace  
Boston, MA 02109  
(617) 523/ 2345

DATED: January 18, 2005