UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10060-RCL |
| ) | |
| GEORGE SCHUSSEL, ) | |
| Defendant ) | |

**DEFENDANT GEORGE SCHUSSEL'S MOTION FOR EVIDENTIARY HEARING REGARDING WHETHER DARLENE FLINT'S WRONGFULLY TAKING DOCUMENTS WHICH WERE THE PROPERTY OF DCI AND TURNING THEM OVER TO THE GOVERNMENT VIOLATED HIS RIGHTS UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND INCORPORATED MEMORANDUM OF LAW**

Now comes the defendant George Schussel and respectfully moves that this Honorable Court hold an evidentiary hearing regarding whether Darlene Flint's wrongfully taking from DCI premises documents which were the property of DCI and/or Schussel and turning them over to the government violated his rights under the Fourth Amendment because Flint was acting as a government informant/agent when she did so.

As reason therefor, defendant refers the Court to the Memorandum of Law incorporated herein.

**REQUEST FOR ORAL ARGUMENT AND EVIDENTIARY HEARING**

Defendant requests oral argument and an evidentiary hearing on this motion.

**LOCAL RULE 7.1(A)(2) STATEMENT**

AUSA Carmen Ortiz opposes the within motion.

**MEMORANDUM OF LAW**

It is defendant's understanding that shortly after she was fired from her employment at DCI

Flint provided to the IRS materials which were either stolen or otherwise wrongfully obtained from DCI. These materials were not her personal property but instead were records which the government will contend were records of financial transactions of DCI and/or Schussel. According to the government's chronology, in October, 2001, shortly after Flint's employment at DCI was terminated, she voluntarily went to an office of the IRS and turned over to Agent Harriman certain documents belonging to DCI. *See* Government's Opposition to Defendant's Motion to Suppress Evidence on Claim of Privilege ("Gvt. Opp.") at 10-11. Further according to the government, it was at that time that Flint was informed by Agent Harriman that she could be entitled to a reward of as much as 15% of the taxes, penalties, and interest collected from the taxpayer. *See* Gvt. Opp. at 10 n.7; Affidavit of IRS Special Agent Michael Harriman (appended to Gvt. Opp.) at 2-3. It is defendant's understanding that Flint disclosed additional documents after learning of the reward and at some point signed a form formally claiming the reward.[1]

While seizures or searches which are the wholly independent act of a private citizen do not implicate the Fourth Amendment, *see United States v. Jacobsen*, 466 U.S. 109, 113 (1984), to the extent that Flint's acquisition, retention, and dissemination to the government of these documents occurred at a time when she was acting as an informant/agent for the government, the documents would be subject to suppression for violation of the Fourth Amendment. The government cannot "acquiesce to or indirectly encourage a private person's search for incriminating evidence without violating the Fourth Amendment." *United States v. Reed*, 15 F.3d 928, 933 (9th Cir. 1994). The

---

[1] The government contends that most of the documents were turned over to the IRS before the reward form was signed, but discovery provided to defendant indicates that at least some documents were mailed to the IRS afterwards.

First Circuit has identified a number of factors which are relevant in determining whether the private party was acting as a government agent: "the extent of the government's role in instigating or participating in the search, its intent and the degree of control it exercises over the search and the private party, and the extent to which the private party aims primarily to help the government or to serve its own interests." *United States v. Pervaz*, 118 F.3d 1, 6 (1st Cir. 1997). *See, e.g., United States v. Shahid*, 117 F.3d 322, 325 (7th Cir. 1997); *Reed*, 15 F.3d at 931; *Pleasant v. Lovell*, 876 F.2d 787, 797 (10th Cir. 1989). The Seventh Circuit has identified another factor which has relevance for this case: whether the government offered the private actor a reward. *See, e.g., Shahid*, 117 F.3d at 325.

      We know that at some point Flint began acting as a government informant/agent. The question is when she did so and what activities she engaged in with respect to DCI documents which she afterwards provided to the government. The defendant requests an evidentiary hearing at which the chronology provided by the government may be tested and through which it may be determined when Flint began acting as a government informant/agent. Only through such a hearing can it be determined which documents were provided to the government by Flint after the time she became a government informant and began acting as a government agent and when and how those documents were wrongfully taken from DCI. The hearing would also permit exploration of the government's role in encouraging and instigating additional seizures or searches by Flint of DCI documents. Before the documents provided by Flint to the government, or any evidence derived from those documents, can be admitted into evidence at the trial of this case, it must first be determined whether the government's possession and use of them violated defendant's Fourth Amendment rights. Only through an evidentiary hearing may that crucial issue be determined.

## CONCLUSION

For all the foregoing reasons, the Court should order an evidentiary hearing.

Respectfully submitted,
By his attorneys,

/s/ Martin G. Weinberg
Martin G. Weinberg
20 Park Plaza, Suite 905
Boston, Massachusetts 02116
(617) 227-3700
BBO # 519480

/s/ Francis J. DiMento
DiMento & Sullivan
7 Faneuil Marketplace
Boston, MA 02109
(617) 523/ 2345

DATED: January 18, 2005