UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)        CRIMINAL NO.  04-10060-RCL<br>GEORGE SCHUSSEL,       )<br>    Defendant    )<br>) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION**
**FOR BILL OF PARTICULARS**

  The United States of America, by and through its attorneys Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Carmen M. Ortiz, Assistant U.S. Attorney, hereby oppose the motion by defendant George Schussel ("Schussel") for a bill of particulars. Schussel's rquest for a bill of particulars suggests that he has not compared the allegations in the indictment and the discovery with the information that is sought, nor understands the elements necessary to prove the crime of conspiracy (18 U.S.C. § 371), which charge he seeks more particulars on. Given that the information he requests is already in the indictment or has been produced in discovery, this motion should be denied.

  "The function of a bill of particulars is to provide the defendant with the necessary details of the charges against him to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy."  United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir. 1992). The government has only a duty to serve an indictment that is not impermissbly vague. United States v. Hallock, 941 F.2d 36, 40-41 (1st Cir. 1991).  Particularly where, as here, the government has provided the defendant with voluminous discovery, such a motion is unnecessary.

  A request for a bill of particulars rests within the sound discretion of the trial court.

1

United States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989); United States v. Arboleda, 929 F.2d 858, 869 (1st Cir. 1991). The test is not whether the particulars sought would be "useful" to the defense but whether the information is "necessary." United States v. Guerrerio, 670 F. Supp. 1215, 1224 (S.D. N.Y. 1987). A bill is also not an appropriate way of obtaining information on evidentiary matters and is not designed to permit defendants to preview the evidence or the government's theory of the case. See United States v. Johnson, 504 F.2d 622, 628 (7th Cir. 1974); Overton v. United States, 403 F.2d 444, 446 (5th Cir. 1986); Hemphill v. United States, 392 F.2d 45, 49 (8th Cir.); United States v. Wolfson, 413 F.2d 804, 808 (2d Cir. 1969) (identities of persons present at time of offense). United States v. Remy, 658 F. Supp. 661, 669-70 (S.D.N.Y. 1987) (government not under any duty to detail "precise manner in which crimes alleged in the indictment were committed"); United States v. Finley, 705 F. Supp. 1272, 1278 (N.D. Ill. 1988) (government not required to provide defendant with details of the evidence it intends to introduce or the purposes for which it intends to introduce the evidence).

In this case, the government notes that the indictment is straightforward, detailed and specific regarding the time period involved. Schussel is charged with a Klein conspiracy, in violation of Title 18 U.S.C. § 371, and the indictment alleges 34 overt acts, of which only one need be proved at trial. Schussel claims that he needs to know the specific income taxes as to which the government will contend at trial that he impeded the function of the IRS, but this is not necessary. The government has to prove that Schussel conspired with at least another, to defraud the United States government, in the manner alleged in the indictment. In this case, the government has charged Schussel with conspiring to defraud the government from 1988 through 1998, through the commission of overt acts alleged in the indictment.

Moreover, Schussel has also had thousands of pages of the government's evidence for close to a year, which among numerous items, consists of bank records, tax returns, cash flow sheets, financial spreadsheets, and general journal entries, all of which are more than sufficient "to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy." United States v. Abreu, supra at 1469.  Furthermore, Schussel has received information regarding statements and proffers by coconspirators and potential witnesses.  He has received the grand jury testimony of a potential witness as well.  Given that all of this information has given Schussel even more of the particulars of the alleged offenses, a bill of particulars is not necessary or warranted.   See United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983) (government may obviate need for bill of particulars by disclosing additional details about charges during discovery).  Schussel will not be hampered in preparing a defense in light of the detailed indictment and discovery provided.

      The government respectfully requests that the motion be denied.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                  United States Attorney

                By:    /s/   Carmen M. Ortiz
                                  Carmen M. Ortiz
                                  Assistant U.S. Attorney  By:

Dated: March 4, 2005