UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) CRIMINAL NO. 04-10060-RCL<br>GEORGE SCHUSSEL, )<br>   Defendant )<br>) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
FOR EVIDENTIARY HEARING CLAIMING VIOLATION
OF FOURTH AMENDMENT IN SEIZURE OF E-MAIL**

The United States of America, by and through its attorneys Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Carmen M. Ortiz, Assistant U.S. Attorney, hereby oppose the motion by defendant George Schussel ("Schussel") requesting an evidentiary hearing to determine whether or not an e-mail obtained by former DCI employee, and then turned over to the government, violated his Fourth Amendment rights. An evidentiary hearing is not warranted as there was no state action involved at all when Darlene Flint ("Flint"), the former DCI employee, made a copy of a suspicious e-mail that she came across in her employer's computer during the course of her employment. Schussel's motion is without merit and should be denied.

**BRIEF FACTUAL BACKGROUND**[1]

Darlene Flint was employed at DCI for approximately 18 years, and primarily worked as the executive assistant (i.e. secretary) to Ronald Gomes ("Gomes"), the former President of DCI. As part of her duties, Flint would routinely download and print Gomes' e-mails for him to read. Sometime in July 1998, Flint came across an e-mail that appeared to have been initially sent by a

---

[1] Detailed factual summary contained in case related memorandum in Government's Opposition to Defendant's Motion to Suppress.

1

"Kenneth Glusman" to Schussel, who then forwarded the e-mail to Gomes. The e-mail discussed a recent IRS audit, the sale of DCI, strategies for representing the value of DCI, and the possibility of someone going to the IRS.[2] Because of its contents, Flint thought something was amiss, so she made a copy of the e-mail and kept it. (Ex. 1 at 2-3, para(s). 4(c)).

Flint continued her employment at DCI, working for Schussel when Gomes retired sometime in August 2001. During this time, Flint was asked to compile all of the sales records in binders for DCI. Flint has stated that Mike Griffin (Schussel's son-in-law and DCI officer) brought her a box that contained records he believed would help her with the project. When Flint looked through the box that Griffin gave her, in addition to sales records, she came across documents that consisted of bank statements, correspondence and other documents representing financial transactions between DCI and Bermuda. Flint kept the box of records in her office at DCI. (Ex. 1 at 3, para. 6).

On or about September 26, 2001, Schussel laid off Flint from her employment. **Flint left the premises of DCI that day and never returned to the office**. Shortly after she left DCI, the box that had remained in her office, containing the Bermuda records, correspondence, and other related documents, which also had some of her personal belongings in the box, was delivered to her at her home. In looking through the box, Flint realized that the box still contained the Bermuda records. Suspicious that there had been some impropriety, Flint took the records to the Internal Revenue Service in Stoneham, MA sometime that week, and provided information to Special Agent Michael Harriman. (Ex. 1 at 3, para. 7). At her initial meeting with Agent Harriman, Flint was advised of the IRS' reward policy that makes "sources of information" eligible to receive up to 15%

---

[2] See Affidavit of Special Agent Michael Harriman, Exhibit 1, attached under seal to Government's Opposition to Defendant's Motion to Suppress Evidence on Claim of Privilege.

of tax and penalties collected from an individual or entity that the source reported to the IRS. (Ex. 1 at 2-3, para. 4(c)). After meeting with Flint and taking receipt of the documents, the IRS commenced an investigation which led to the indictment against Schussel. Although Flint was later used as a confidential informant by the IRS, at no time was she directed by the IRS (or other government agency) to search and seize anything from DCI or Schussel's personal residence.

### THERE WAS NO GOVERNMENT INVOLVEMENT IN THE SEARCH OR SEIZURE OF DOCUMENTS

It is well established that the protection of the Fourth Amendment proscribes only government action; thus if a search is conducted solely by a private citizen the Fourth Amendment is not implicated. Burdeau v. McDowell, 256 U.S. 465, 475 (1921). The Fourth Amendment does not regulate searches or seizures conducted by private parties, although any government search or seizure that exceeds the scope of the private action must comply with the Fourth Amendment. See United States v. Jacobsen, 466 U.S. 109, 113 (1984); Walter v. United States, 447 U.S. 649, 657 (1980).

All of the documents relating to DCI and the Bermuda bank records, that Flint turned over to the government, were obtained by her and in her possession *prior* to any involvement with the IRS. Schussel seems to indicate that after she met with Agent Harriman and was told of a reward, she then turned over more documents. This point is irrelevant and immaterial. The crucial issue is whether or not any of the documents that Flint provided to the government, were obtained by her pursuant to a search and seizure (at DCI or Schussel's home) after she met with the IRS. The simple answer is no. There was no search or seizure that Flint was directed to, encouraged to, or actually conducted at the request of the government.

As established in Agent Harriman's affidavit, there is no question that Flint obtained the

documents that she turned over to the government, well before meeting with the IRS. She obtained a copy of the e-mail sometime in 1998 and kept it given its suspicious nature; and obtained the box containing the Bermuda documents, inadvertently, after she was terminated. In fact, Flint left the premises of DCI on the day she was let go by Schussel and never returned to DCI. Schussel has presented no evidence to indicate otherwise.

There is no valid reason to hold an evidentiary hearing on this issue, and to allow one would only provide Schussel with an opportunity to conduct a fishing expedition to obtain discovery he is not entitled to. It would also cause further delay and an unnecessary proceeding in a case already complex and requiring of other hearings.

The government respectfully requests that the motion be denied.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By:   /s/ Carmen M. Ortiz
>CARMEN M. ORTIZ
>Assistant U.S. Attorney

Dated: March 4, 2005