UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA    )<br>                                                      )<br>v.                                                  )      CRIMINAL NO. 04-10060-RCL<br>                                                      )<br>GEORGE SCHUSSEL,                  )<br>            Defendant                      )<br>                                                      ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION TO SUPPRESS TESTIMONY OF
## ATTORNEYS DEFRANCESCHI AND GLUSMAN

The United States of America, by and through its attorneys Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Carmen M. Ortiz, Assistant U.S. Attorney, hereby oppose the defendant's George Schussel ("Schussel") motion to suppress the testimony of attorneys Edward DeFranceschi ("DeFranceschi") and Kenneth Glusman ("Glusman") regarding alleged privileged communications that may have occurred between him, Digital Consulting, Inc. ("DCI"), and Ron Gomes.[1] Schussel has primarily asserted the attorney-client privilege, corporate privilege and common interest protection and relies on the same arguments that he has made in his initial motion to suppress evidence on the claim of privilege (Def. Memo) and in his reply brief to the government's opposition (Def. Reply). For reasons articulated in the government's opposition (Gvt. Opp.) and in its response to Schussel's reply brief (Gvt. Resp.), the crime-fraud exception applies to the testimony of the attorneys. Furthermore, in Schussel's reply brief he asserted the advice of counsel defense to the charges against him, and in doing so, has impliedly waived the attorney-client

---

[1] Although the government will seek to admit the testimony of DeFranceschi, with respect to Glusman, it has not made that determination. At a minimum, the government will be seeking the Court's authority to obtain documents for *in camera review,* pursuant to the crime-fraud exception that relate to Glusman's representation of Schussel for the time frame approaching, during and after the 1997-1998 audit.

1

privilege.

## ARGUMENT

Schussel, citing the sanctity of the attorney-client privilege, urges this Court to suppress the testimony of the attorneys. However, privilege does not protect attorney-client communications in furtherance of the commission of a crime or fraud. (See, Gvt. Opp. at 13-17; Gvt. Resp. at 7-22).[2] As presented in the government's briefings (filed under seal), through affidavits, grand jury testimony, and other documentary evidence, the government has established a prima facie case that the crime-fraud exception applies to the communications Schussel seeks to protect. There is no question that Schussel used his attorneys to obstruct an audit, for the purpose of concealing and avoiding detection of his tax evasion scheme in 1995 and in prior years. In light of the government's prima facie case of crime-fraud, there is no need for an evidentiary hearing and the testimony of the attorneys should not be suppressed.

Schussel seeks to have a communication by communication determination of what testimony to admit by the attorneys, but cites no law in support of such a proposition. The government submits that to carve up verbal testimony to determine what would be said line by line, would result in a confusing and misleading presentation for both the court and jury. Instead, upon a finding that the crime-fraud exception applies, a subject matter waiver would be more judicious and practical. Although the government submits that an evidentiary hearing is not necessary for the determination of the crime-fraud exception and its application to the testimony of the attorneys, oral argument on determining the scope of the waiver would be appropriate.

---

[2] Detailed factual background and legal arguments in support of the crime-fraud exception and other eceptions, as pertain to Schussel's claim of privilege are contained in the Gvt. Opp. and Gvt. Resp. As a result, the government will not reiterate the same factual details and arguments here, but will incorporate its position from those briefings in this response.

Finally, the government relies on its arguments pertaining to Schussel's affirmative defense of reliance on advice of counsel as presented in the Gvt. Resp. at 4-7. If Schussel's assertions place all of the wrongdoing on the actions of his attorneys, and claims that his conduct was a result of relying on their advice (e.g. failing to file the amended return for 1995 and other years), then the government should be permitted to have the attorneys testify to the extent that they corroborate or deny Schussel's accusations. (Gvt. Resp. at 4-7). In such an instance, Schussel's defense would prompt a subject matter waiver of the attorney-client privilege, and the attorneys should be allowed to testify.

Accordingly, Schussel's motion to suppress should be denied.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> By:   /s/ Carmen M. Ortiz
> CARMEN M. ORTIZ
> Assistant U.S. Attorney