UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10060-RCL |
| | ) | |
| GEORGE SCHUSSEL, | ) | |
| Defendant | ) | |

**DEFENDANT GEORGE SCHUSSEL'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS THE TESTIMONY OF ATTORNEYS EDWARD DEFRANCESCI AND KENNETH GLUSMAN**

Very little reply is necessary to the Government's Opposition to Defendant's Motion to Suppress Testimony of Attorneys Edward DeFranceschi and Kenneth Glusman ("Opposition").

The government advances no new arguments regarding the applicability of the crime-fraud exception to the attorney-client privilege in its Opposition, although it does do so in its Response to Defendant's Reply to Opposition to Defendant's Motion to Suppress Evidence on Claim of Privilege ("Privilege Response"). To the extent necessary, those arguments will be addressed in defendant's Reply to that Response, which is being filed contemporaneously with this Reply.

The government is flatly incorrect that defendant has cited no law in support of his assertion that the applicability of the crime-fraud exception to the proposed testimony of his former attorneys must be examined on a communication-by-communication basis. Once an attorney-client relationship has been found to exist, whether or not the client's communications with his attorney fall within the attorney-client privilege is subject to communication-by-communication determination. The same is no less true in the crime-fraud context. Defendant's Motion to Suppress referred the Court to pages 18-19 of his Reply to Government's Opposition to Defendant's Motion to Suppress Government's Use and Acquisition of Privileged Materials and for Other Appropriate

Use, which contains authority aplenty for the requirement of particularized review. For example, in *In re Richard Roe, Inc.*, 68 F.3d 38 (2d Cir. 1995), cited by defendant, the Second Circuit remanded the case to the district court with instructions to

> determine which, if any, of the documents *or communications* were in furtherance of a crime or fraud . . . . If production is ordered, the court shall specify the factual basis for the crime or fraud that the documents *or communications* are deemed to have furthered, which of the parties asserting claims of privilege possessed a criminal or fraudulent purpose with respect to those documents *or communications* . . . .

*Id.* at 41 (emphasis added). What there is no authority for is the government's suggestion that the applicability of the crime-fraud exception should be subject to the general subject matter waiver standard employed, after a determination has been made that there has been a waiver of the attorney-client privilege, to define the scope of that waiver.[1] Contrary to the government's suggestion, "[o]nly when communications are intended directly to advance a particular criminal or fraudulent endeavor will their privileged status be forfeited by operation of [the crime-fraud] exception." *In re Grand Jury Proceedings (Violette)*, 183 F.3d 71, 77 (1st Cir. 1999)(emphasis added). *See, e.g., United States v. Zolin*, 491 U.S. 554, 563 (1989)(attorney-client privilege "does not extend to communications made for the purpose of getting advice for the commission of a fraud or crime" (internal quotation marks omitted)); *In re Grand Jury Proceedings #5*, 2005 WL 563970 at *6 (4th Cir. March 11, 2005)(remanding to district court to determine whether the documents or

---

[1] In the First Circuit, "extrajudicial disclosure of attorney-client communications, not thereafter used by the client to gain adversarial advantage in judicial proceedings, cannot work an implied waiver of all confidential communications on the same subject matter." *In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 24 (1st Cir. 2003). The subject matter waiver doctrine, as *XYZ Corp.* makes clear, has its foundation in concerns of fairness to the opposing party in judicial proceedings. Such fairness considerations do not come into play when determining whether a particular communication or document is or is not encompassed by the attorney-client privilege.

communications at issue were "closely related" to the fraud); *Richard Roe*, 68 F.3d at 40-41 (crime-fraud exception applies only when the court determines that the client communication . . . in question was *itself* in furtherance of the crime or fraud"(emphasis in original)); *Rabushka ex rel. United States v. Crane Co.*, 122 F.3d 559, 566 (8th Cir. 1997)(proponent did not meet burden of showing that any specific document was made in furtherance of fraud but instead only offered general theory that fraud occurred and asserted that any communications made aided that fraud), *cert. denied*, 523 U.S. 1040 (1998); *In re Sealed Case*, 107 F.3d 46, 49 (D.C.Cir. 1997)("the client must have made or received the otherwise privileged communication with the intent to further an unlawful or fraudulent act"); *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1416 (11th Cir.)(purpose of second prong of test for determining applicability of crime-fraud exception is "to identify communications that should not be privileged because they were used to further a crime or fraud"(internal quotation marks omitted)), *mod. on other grounds* 30 F.3d 1347 (11th Cir.1994), *cert. denied*, 513 U.S. 1110 (1995); *United States v. Sabbeth*, 34 F.Supp.2d 144, 151 (E.D.N.Y. 1999)("only communications geared to further criminal conduct implicate the exception;" conducting document-by-document review). *See also In re Federal Grand Jury Proceedings, 89-10 (MIA)*, 938 F.2d 1578, 1583 (11th Cir.1991)(Court notes that it is unable to discuss applicability of the crime-fraud exception on a document-by-document basis because documents were submitted to the district court *in camera* but indicates that it has satisfied itself that all of them are entitled to the protection of the privilege). *Cf. United States v. Rakes*, 136 F.3d 1, 4 (1st Cir. 1998)("No general rule withdraws the privilege from communications that occur in the same time frame as criminal act conduct").

    The government's argument that "to carve up verbal testimony to determine what would be

said line by line, would result in a confusing and misleading presentation for both the court and the jury," Opposition at 2, is a curious one. Defendant feels confident that this Court will not be confused or misled. As for the jury, the determination of the documents and communications which are entitled to the protection of the attorney-client or the work-product privilege is a matter for pretrial determination to which the jury will in no way be privy; the jury will hear only those communications and see only those documents, if any, which this Court has already determined not to be protected by the attorney-client privilege. The prospect of jury confusion is, therefore, wholly chimeric.

The government protests that an evidentiary hearing is unnecessary to determine the applicability of the crime-fraud exception, Opposition at 2, but this Court has already quite correctly scheduled such a hearing, and that hearing should proceed as scheduled. The government urges the adoption of a subject matter waiver standard in the crime-fraud exception context, but offers no authority for such a proposition. Insofar as defendant's research reveals, there is no such authority, and the superimposition of the subject matter waiver concept onto the crime-fraud exception would be unprecedented under federal law. It would, moreover, transgress upon the important policies and purposes underlying the attorney-client privilege.

Finally, the government argues, based upon the arguments set forth in its Privilege Response, that the government should be allowed to call the attorneys as witnesses if the defendant relies at trial upon an advice of counsel defense. Opposition at 3. Defendant will address these arguments in more detail in his Reply to that Response; for present purposes, it suffices to say that whether or not defendant decides to rely at trial upon an advice of counsel defense is quite beside the point. With respect to defendant's pretrial assertions of the attorney-client privilege and the work-product

4

privilege, the government has agreed that it will not claim that any information disclosed in the course of litigating the applicability of those privileges provides an independent basis for finding a waiver of the asserted privileges. Thus, nothing which has occurred in these proceedings to date, and nothing which will occur during the litigation of the privilege issues now before the Court, provides a basis for a pretrial ruling that the government should be permitted to call DeFranceschi and Glusman as witnesses against their former client at the trial of this case.

                                                Respectfully submitted,
                                                By his attorneys,

                                                /s/ Martin G. Weinberg
                                                Martin G. Weinberg
                                                Mass. Bar No. 519480
                                                20 Park Plaza, Suite 905
                                                Boston, Massachusetts 02116
                                                (617) 227-3700

                                                /s/ Francis J. DiMento
                                                DiMento & Sullivan
                                                7 Faneuil Marketplace
                                                Boston, MA 02109
                                                (617) 523/ 2345

DATED: April 7, 2005