# United States Court of Appeals
## For the First Circuit

*(handwritten: 04-10060 massachusetts R. Lindsay)*

No. 05-2896

MANDATE

UNITED STATES OF AMERICA,

Appellee,

v.

GEORGE SCHUSSEL,

Defendant, Appellant.

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

JUDGMENT

Entered: April 28, 2006

Defendant-appellant George Schussel, who was indicted in February 2004 on charges of conspiring to defraud the United States and tax evasion, seeks to appeal from denial of a pretrial motion to suppress allegedly privileged documents (and testimony related to those documents), which were disclosed to the government during the grand jury investigation of this case. In response to our order to show cause why this interlocutory appeal should not be dismissed for lack of jurisdiction, appellant maintains that the challenged district court rulings are immediately appealable under the collateral order doctrine, Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949), and/or the Perlman rule, see Perlman v. United States, 247 U.S. 7, 12 - 15 (1918).

We conclude that neither the collateral order doctrine nor the Perlman rule applies to allow interlocutory review at the post-indictment stage of this criminal prosecution, where the allegedly privileged material has already been disclosed to the government.

"[T]he Supreme Court has warned that interlocutory appeals 'are especially inimical to the effective and fair administration of the criminal law.'" United States v. Billmyer, 57 F.3d 31, 34 (1st Cir. 1995) (citation omitted). As the Seventh Circuit has said, the finality requirement "reflects a strong policy against piecemeal reviews. This policy is particularly important in the context of criminal actions where the delays and disruptions of interlocutory appeals are especially troublesome. DiBella v. United States, 369 U.S. 121, 126 (1962)." United States v. Calandra, 706 F.2d 225, 227 (7th Cir. 1983).

I. The Collateral Order Doctrine

One of the requirements for a discovery ruling to be immediately appealable under the Cohen collateral order doctrine is that the order "infringe rights which appellant could not effectively vindicate in an appeal after final judgment in the case." Gill v. Gulfstream Park Racing Ass'n, Inc., 399 F.3d 391, 398 (1st Cir. 2005). Ordinarily, compliance with an order requiring disclosure of allegedly privileged material "will let the cat out of the bag, thus rendering an end-of-case appeal nugatory." FDIC v. Ogden Corp., 202 F.3d 454, 459 (1st Cir. 2000). Here, however, the documents that appellant seeks to have suppressed already have been disclosed to the government. Appellant has not specifically identified the injury that would result from public disclosure at trial, beyond the harm that already has resulted from disclosure to the government. To the extent that the harm is the impact on his possible conviction, that could be addressed on appeal after final judgment.

"Because of the compelling interest in prompt trials, the Court has interpreted the requirements of the collateral order exception to the final judgment rule with the utmost strictness in criminal cases. The Court has found only three types of pretrial orders in criminal prosecutions to meet the requirements. Each type involves 'an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial.'" Flanagan v. United States, 465 U.S. 259, 266 (1984)(citations omitted). Given the diminished interest in the allegedly privileged documents, and the especially strong interest in the enforcement of the finality rule in criminal prosecutions, we conclude that the collateral order doctrine does not encompass this appeal.

II. The Perlman Rule

Appellant argues that this appeal fits within the Perlman exception to the finality rule. "Courts frequently have invoked Perlman when a client (who is herself a party or a grand jury target) seeks to appeal an order compelling her attorney (who is neither a party nor a target) to produce allegedly privileged materials." Ogden Corp., 202 F.3d at 459. This case does not fit

that fact pattern because here the allegedly privileged materials already have been disclosed to the government.

"The rationale for the Perlman exception is that 'intervention and appellate review provide those holding the privilege some means of preserving confidential matters.' It is the possibility of disclosure of information which is thought to be confidential that is central to the Perlman exception. The Perlman exception, therefore, permits the holder of the privilege to prevent disclosure of confidential matters." Calandra, 706 F.2d at 228. In this case, as in Calandra, because there has already been a "substantial breach of the claimed privilege," an interlocutory appeal would not "further the purposes of the Perlman exception to the finality rule." Id.

Because this interlocutory appeal does not fit within either the collateral order doctrine or the Perlman exception to the finality rule, it is dismissed for lack of jurisdiction.

By the Court:

Richard Cushing Donovan, Clerk.

## MARGARET CARTER

By: _____
            Chief Deputy Clerk.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

*Jennifer Calardo*
Deputy Clerk
Date: 5·19·06

[cc: Francis J. DiMento, Esq., Martin G. Weinberg, Esq., Caremen Milagros Ortiz, AUSA, Dina Michael Chaitowitz, AUSA, Alan Hechtkopf, Esq., John Hinton III, Esq.]