UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                                               )<br>)<br>GEORGE SCHUSSEL,                     )<br>            Defendant.               ) | Cr. No. 04-10060-RCL |

**DEFENDANT'S MOTION IN LIMINE**

Defendant George Schussel moves in limine to exclude certain evidence that the government may introduce at trial pursuant to Fed. R. Evid. 404(b) concerning alleged improper business expense deductions.

The government's Rule 404(b) disclosure, dated November 9, 2006, includes the following description as being among the evidence that may be introduced at trial:

> "Evidence of defendant's use of Jellicle Investors, Inc. to improperly deduct personal expenses during the early to mid 1990's."

Prior to the government's Rule 404(b) disclosure on November 6, 2006, neither the government nor the IRS has ever notified Schussel or Jellicle Investors that it disputes the propriety of these tax deductions made by Jellicle Investors, Inc. Moreover, the details underlying the government's nonspecific Rule 404(b) disclosure were only just revealed by the government in meaningful detail this very morning, December 20, 2006. Defendant submits that the proposed evidence is improper under Fed. R. Evid. 404(b) and 403 and should therefore be excluded from being introduced at trial.

Jellicle Investors, Inc. is an S-corporation which engaged in the business of owning and operating rental properties. Schussel and his wife are the sole shareholders of Jellicle Investors.

1

During the early to mid-1990s, Jellicle Investors utilized as its business office portions of Schussel's homes in Massachusetts, Florida and New Hampshire. Under an informal rental arrangement, Jellicle Investors paid for its use of the premises by making proportionate contributions to Schussel for certain expenses (*e.g.*, utilities and maintenance). Jellicle Investors in turn deducted what is in substance its rent as a business expense.

These deductions were taken on the basis of Schussel's understanding of advice of Jellicle Investor's tax preparer, Paul Law, CPA, who is a former Revenue Agent. (*See* Testimony of Paul M. Law, Exhibit A hereto, especially at page 50.)

Rule 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

It is well established that Rule 404(b) precludes evidence of a defendant's prior bad acts as proof of his criminal character or propensity to commit crimes of the sort for which he is on trial. *See United States v. Van Horn*, 277 F.3d 48, 57-58 (1st Cir. 2002) and cases cited. For evidence of a prior bad act to be admissible, it must pass two tests, and defendant submits that the proposed evidence fails both tests.

First, the evidence must have a "special relevance" to an issue in the case, such as intent or knowledge, and must not include "bad character or propensity as a necessary link in the inferential chain." *See United States v. Varoudakis*, 233 F.3d 113, 118 (1st Cir. 2000), *quoting United States v. Frankhauser*, 80 F.3d 641, 648 (1st Cir. 1996). The "special relevance" cannot

be the defendant's propensity to commit crimes. *See United States v. Fields*, 871 F.2d 188 (1st Cir. 1989).

Second, the evidence that is specially relevant under Rule 404(b) may still be excluded under Rule 403 if its probative value is substantially outweighed by the danger of, *inter alia*, unfair prejudice, confusion of the issues, or misleading the jury. *See* Fed. R. Evid. 403; *Varoudakis*, 233 F.3d at 121. In addressing the probative value of other acts, the First Circuit has considered the remoteness in time of the other acts and the degree of resemblance between other acts and the crime charged. *See Varoudakis*, 233 F.3d at 119 and cases cited.

The proposed evidence of allegedly improper deductions taken by Jellicle Investors, Inc. (not Schussel individually) has no special relevance to the issues in this case; it would not tend to prove intent, knowledge, pattern, or any other permissible use of such evidence under Rule 404(b) with regard to the charged conduct: tax evasion by diversion of income. The government intends to introduce this wholly new theory of evasion by improper deductions into a case based solely on evasion by diversion of income. The only conceivable purpose this serves is to persuade the jury of Schussel's propensity for engaging in tax evasion, which purpose is expressly forbidden. The evidence therefore fails the first test.

The transactions in question involve an informal rental arrangement between an individual and an independent legal entity and that entity's use of business expense deductions. Defendant contends that these deductions were perfectly reasonable and allowable, and were in fact known to Jellicle Investor, Inc.'s tax preparer. The government's proposed evidence, if admitted, will give rise to a trial-within-a-trial, which no doubt would cause a considerable risk of jury confusion—which is one of the concerns that the second prong of the analysis seeks to avoid. *See United States v. Van Horn*, 277 F.3d 48, 57 (1st Cir. 2002) ("Even if the proffered

3

evidence has 'special relevance,' however, it may not be admitted if, under the second prong of the Rule 404(b) analysis, its probative value is 'substantially outweighed by the danger of ... unfair prejudice, confusion of the issues, or misleading the jury'"). The proposed evidence thus fails the second test.

Furthermore, evidence of 404(b) conduct is excludable where the quantum of proposed evidence is insufficient to prove that the bad conduct occured. "'[S]imilar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor.'" *United States v. DeCicco*, 370 F.3d 206, 211 (1st Cir. 2004), *quoting Huddleston v. United States*, 485 U.S. 681, 689 (1988). The government may not "parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo. Evidence is admissible under Rule 404(b) only if it is relevant. . . . In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston*, 485 U.S. at 689. "[T]here must be enough evidence for a jury to reasonably conclude by a preponderance of the evidence that the prior bad act was committed." *DeCicco*, 370 F.3d at 212, *citing Huddleston*, 485 U.S. at 690.

In order for the government's proposed 404(b) evidence to be admissible, as a threshold matter, the evidence proffered by the government must be sufficient to permit the jury to reasonably find by a preponderance of the evidence that Jellicle's business expense deductions were, in fact, improper. This would require evidence of the deductions, the underlying expenses, an exposition on why certain deductions were not proper, and, most importantly, evidence of Schussel's knowledge of their impropriety. The government intends to proffer only conclusionary testimony from Schussel's tax preparer, Paul Law, that he would not have

4

permitted Jellicle's deduction of various personal and household expenses because they would be improper business expense deductions. The government also intends to proffer testimony regarding alleged improper deductions of real estate taxes, but without any supporting documentation (*i.e.*, real estate tax bills) to demonstrate the amount of taxes owed as compared with the deductions taken by Jellicle. Defendant submits that conclusionary testimony, without more, is insufficient to permit the jury to conclude that certain deductions were improper and that Schussel knew they were improper.[1]

As a final point: if these highly prejudicial, undocumented matters are permitted to be presented to the jury, the defense will necessarily require additional time for discovery. The defense will require time to obtain the relevant underlying documentation that the government is proceeding without, as well as time to retain expert witnesses to address the appropriateness of the various deductions, generally, and the reasonableness of the amounts and proportions of each challenged deduction.[2]

---

[1] This issue is a tempest in a teapot. The real estate taxes on Schussel's home were fully deductible on his personal return in any event.

[2] This is analogous to allocations of home office expenses, where such expenses are allocable to the business portion of the home by any method that is reasonable under the circumstances. *See* Proposed Treas. Reg. § 1.280A-2(i)(3), 45 Fed. Reg. 52399 (1980).

For the foregoing reasons, evidence relating to alleged improper deductions of Jellicle Investors, Inc. should be excluded.

By his attorneys,

/s/ Martin G. Weinberg
Martin G. Weinberg
BBO No. 51940
Oteri, Weinberg & Lawson, P.A.
20 Park Plaza, Suite 905
Boston, MA 02116
Tel. (617) 227-3700

Dated: December 20, 2006

/s/ Francis J. DiMento
Francis J. DiMento
BBO No. 125000
DiMENTO & SULLIVAN
7 Faneuil Marketplace, 3rd Floor
Boston, MA 02109
Tel. (617) 523-2345

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 20, 2006.

/s/ Francis J. DiMento