UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 04-10060-RCL |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE SCHUSSEL | ) | |
| Defendant | ) | |

## GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the United States hereby requests that the Court instruct the jury in this case in accordance with the attached instructions. The requested instructions are based principally on the First Circuit's Pattern Jury Instructions, case law and jury instruction treatises, as reflected in the citations accompanying the proposed instruction. The United States reserves the right to supplement, modify, or withdraw its requested instructions in light of the requests for instructions, if any, filed by the defendant and the evidence presented at trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:     **/s/ Jack W. Pirozzolo**
Carmen M. Ortiz
Jack W. Pirozzolo
Assistant U.S. Attorneys
U.S. Attorney's Office
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

Date: December 29, 2006

## <u>CERTIFICATE OF SERVICE</u>

I, Jack W. Pirozzolo, hereby certify that on December 29, 2006 I served a copy of the foregoing by electronic filing on counsel for the defendant.

<u>**/s/ Jack W. Pirozzolo**</u>
Jack W. Pirozzolo

# TABLE OF CONTENTS

**INSTRUCTION**                                                          **PAGE**

PRELIMINARY INSTRUCTIONS

1.    Nature of Indictment - Presumption of Innocence . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

2.    Preliminary Statement of Elements of Crime . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

3.    Conduct of the Jury. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

4.    Note Taking . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

FINAL INSTRUCTIONS

5.    Duty Of The Jury To Find Facts and Follow Law . . . . . . . . . . . . . . . . . . . . . . . . . .  9

6.    What Is Evidence; Inferences . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

7.    Direct and Circumstantial Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

8.    Charts and Summaries - Admitted into Evidence . . . . . . . . . . . . . . . . . . . . . . . . . .  12

9.    Cautionary and Limiting Instructions as to Particular Kinds of Evidence. . . . . . . . . .  13

10.   Entire Evidence Should Be Considered. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

11.   What Is Not Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

12.   Consider Only This Defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

13.   Not to Consider Punishment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

14.   Credibility Of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

15.   Caution As To Cooperating Witnesses. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

16.   Weighing the Testimony of An Expert Witness . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

17.   Impeachment By Prior Inconsistent Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  21

18.   Defendant's Constitutional Right Not to Testify. . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

19.   Credibility of Defendant As a Witness. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

20.    Presumption of Innocence - Proof Beyond a Reasonable Doubt . . . . . . . . . . . . . . . . 24

21.    Conspiracy. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

22.    Income Tax Evasion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

23.    Acts of Co-conspirators. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

24.    Variance - Dates . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

25.    Consider Each Count Separately. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

26.    Advice of Counsel Defense. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

27.    Foreperson's Role; Unanimity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

28.    Consideration of Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

29.    Reaching Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

30.    Return of Verdict Form . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

31.    Communication With The Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

**PRELIMINARY INSTRUCTIONS**

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1
<u>Nature of Indictment – Presumption of Innocence</u>

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented at this trial by Assistant United States Attorneys Carmen Ortiz and Jack Pirozzolo. The defendant in this case, GEORGE SCHUSSEL, is represented by his attorneys Martin Weinberg, Frank DiMento, and Jason Kosow.

The defendant has been charged by the government with one count of conspiracy to defraud the Internal Revenue Service, or IRS, an agency of the United States government, and with two counts of evading taxes. The conspiracy is alleged to have begun at or about 1988, and to have continued at least until May 1998; and the tax evasion charged in Counts Two and Three is alleged to have occurred at or about March 1998. The tax evasion charges relate to the defendant evading taxes due and owing by his corporation, and by himself, personally. The charges against the defendant are contained in the Indictment. The Indictment is simply a description of the charges against the defendant; it is not evidence of anything. The defendant has pleaded not guilty to the charges and denies committing the crimes. The defendant is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

<u>First Circuit Pattern Jury Instruction</u> (Criminal) Inst. 1.02 (1998).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2
Preliminary Statement of Elements of Crime

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes of conspiracy and tax evasion.

There are three elements of the crime of conspiracy to defraud the United States, each of which the government must prove beyond a reasonable doubt to make its case.

First, the government must show that the agreement to defraud the United States that is specified in the indictment, and not some other agreement or agreements, existed between at least two people, to impede, impair, obstruct, and defeat the lawful government function of the Treasury Department and the Internal Revenue Service in the ascertainment, computation, assessment and collection of federal taxes.

Second, the government must show that the defendant willfully joined in that agreement.

Third, the government must show that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.

With respect to the charges relating to income tax evasion, there are three elements of the crime of income tax evasion, each of which the government must prove beyond a reasonable doubt regarding each count, to make its case.

First, the government must show that the defendant owed substantially more federal income tax for the year 1995 than was indicated as due on the relevant tax returns;

Second, the government must show that the defendant intended to evade or defeat the assessment or payment of this tax; and

Third, the government must show that the defendant willfully committed an affirmative act in furtherance of this intent.

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial I will give you final instructions on these matters. If there is any difference between what I just told you, and the instructions that I give you at the end of the trial, you should follow the instructions I give at the end of the trial.

3

<u>First Circuit Pattern Jury Instruction</u> (Criminal) Insts. 1.04, 4.03, and 4.25  (1998).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3
<u>Conduct of the Jury</u>

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it.  If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

5

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.07  (1998).

6

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4
Note Taking

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however. First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented. If you would prefer not to take notes at all but simply to listen, please feel free to do so. Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. Please take your notes to the jury room at every recess. I will have the courtroom deputy collect them at the end of each day and place them in the vault. They will then be returned to you the next morning. When the case is over, your notes will be destroyed. These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.08 (1998).

7

**FINAL INSTRUCTIONS**

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5
<u>Duty Of The Jury To Find Facts and Follow Law</u>

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return--that is a matter entirely for you to decide.

<u>First Circuit Pattern Jury Instructions</u> (Criminal) Inst. 3.01 (1998).

9

GOVERNMENT'S PROPOSED INSTRUCTION NO. 6
<u>What Is Evidence; Inferences</u>

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

<u>First Circuit Pattern Jury Instructions</u> (Criminal) Inst. 3.04 (1998).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 7
<u>Direct and Circumstantial Evidence</u>

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something.  Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

*For example, if someone looks outside and sees the rain falling down, that person has direct evidence that it is raining.  By contrast, if one were to observe someone walk in the door with a dripping umbrella, you might draw the reasonable inference, based on those circumstances, that it is raining outside.   That, in other words, would be circumstantial evidence of the fact that it is raining outside.*

<u>First Circuit Pattern Jury Instructions</u> (Criminal) Inst. 3.05 (1998).

Adapted from 1 Hon. Leonard B. Sand & John S. Siffert, et al, <u>Modern Federal Jury Instructions</u>, ¶ 5.01, INSTRUCTION 5-2, p. 5-6 (1995).

Adapted from 1 Hon. Edward J. Devitt & Hon. Charles B. Blackmar, et al, <u>Federal Jury Practice and Instructions</u>, §12.04 at 337 (4th ed. 1992).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 8
<u>Charts and Summaries - Admitted into Evidence</u>

Charts or summaries have been  admitted into evidence, and have been shown to you during the trial for the purpose of explaining facts that are contained in books, records, or other documents which are in evidence in the case, such as the bank records.  You may consider the charts and summaries as you would any other evidence admitted during the trial and give it such weight or importance, if any, as you feel it deserves.

Adapted from 1 Hon. Edward J. Devitt & Hon. Charles B. Blackmar, et. al., <u>Federal Jury Practice and Instructions</u>, §14.02 at 408 (4th ed. 1992).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 9
<u>Cautionary and Limiting</u>
<u>Instructions as to Particular Kinds of Evidence</u>

A particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

<u>First Circuit Pattern Jury Instructions</u> (Criminal) Inst. 3.07  (1998).

13

GOVERNMENT'S PROPOSED INSTRUCTION NO. 10
Entire Evidence Should Be Considered

As I will explain in a moment, the government's burden of proof in a criminal case is guilt beyond a reasonable doubt.  What this means is that unless the government proves beyond a reasonable doubt that the defendant has committed every essential element of an offense with which he has been charged, you must find him not guilty as to that offense.  Later in these instructions I will tell you what the essential elements are of each of the offenses charged.  Let me emphasize to you now, however, that it is these essential elements which the government must prove.  The government need not prove every fact alleged in the Indictment.

Evidence should not be considered in fragmentary parts, as though each fact or consideration stood apart from the others.  Instead, the entire evidence should be considered and the weight of the evidence should be determined from the entire body thereof.

United States v. Manning, 448 F.2d 992, 999 (2d Cir. 1971); United States v. Bottone, 365 F.2d 389 (2d Cir. 1966).

14

GOVERNMENT'S PROPOSED INSTRUCTION NO. 11
<u>What Is Not Evidence</u>

Certain things are not evidence. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory controls.

(2)     Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

(3)     Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5)     The indictment is not evidence. This case, like most criminal cases, began with an indictment. That indictment was returned by a grand jury, which heard only the government's side of the case. I caution you, as I have before, that the fact that this defendant had an indictment filed against him is no evidence whatsoever of his guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.

<u>First Circuit Pattern Jury Instructions</u> (Criminal) Inst. 3.08 (1998).

GOVERNMENT'S PROPOSED INSTRUCTION NO.12
<u>Consider Only this Defendant</u>

You are about to be asked to decide whether the defendant is guilty or not guilty. You are not being asked whether any other person is guilty or not guilty, or should have been charged with a crime. Your verdict should be based solely upon the evidence or lack of evidence as to the defendant, in accordance with my instructions and without regard to the guilt or innocence of any other person.

<u>Mod. Fed. Jury Instructions</u>, Instruction No. 2-18, p. 2-39.

16

GOVERNMENT'S PROPOSED INSTRUCTION NO. 13
Not to Consider Punishment

The punishment provided by law for the offenses charged in the indictment is a matter solely for the judge to decide.  The jury should make its decision as to whether the defendant is guilty or not guilty on the basis of the evidence presented, and must not consider the possible punishment in any way in coming to that determination.

U.S. Fifth Circuit District Judges Association, Pattern Jury Instructions (Criminal Cases) 21 (1979); E. Devitt and C. Blackmar, Federal Jury Practice and Instructions, §18.02 (3d ed. Supp. 1982).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 14
<u>Credibility Of Witnesses</u>

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

<u>First Circuit Pattern Jury Instructions</u> (Criminal) Inst. 3.06 (1998).

18

GOVERNMENT'S PROPOSED INSTRUCTION NO. 15
Caution As To Cooperating Witnesses

You have heard the testimony of two individuals who (1) provided evidence under agreements with the government; and (2) participated in the crimes charged against the defendant. These two witnesses were Diane Reed and Ronald Gomes.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of these individuals with particular caution. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves.

First Circuit Pattern Jury Instructions (Criminal) Inst. 2.07 (1998).

19

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 16
Weighing the Testimony of an Expert Witness

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

First Circuit Pattern Jury Instruction (Criminal) Inst. 2.06 (1998).

20

GOVERNMENT'S PROPOSED INSTRUCTION NO. 17
Impeachment By Prior Inconsistent Statement

You have heard evidence that before testifying at this trial, some witnesses made statements concerning the same subject matter as their testimony in this trial. You may consider that earlier statement to help you decide how much of these witness' testimony to believe. If you find that a prior statement was not consistent with a witness's testimony at this trial on material issues, then you should decide whether that affects the believability of that witness's testimony at this trial.

Adapted from First Circuit Pattern Jury Instructions (Criminal) Inst. 2.02 (1998).

21

GOVERNMENT'S PROPOSED INSTRUCTION NO. 18
<u>Defendant's Constitutional Right Not To Testify</u>

A defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

<u>First Circuit Pattern Jury Instructions</u> (Criminal) Inst. 3.03 (1998).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 19
<u>Credibility of Defendant As A Witness</u>

*If a Defendant Does Testify:*

A defendant cannot be compelled to take the witness stand and testify.  Whether or not he testifies is a matter of his own choosing.  If he does choose to testify, as the defendant did in this case, he is a competent witness.  In that event, he is subject to cross-examination, as you have observed, and his credibility is for you, the jury, to determine, in the same manner as that of other witnesses.

Obviously, a defendant has a great personal interest in the result of his prosecution.  This interest gives a defendant a strong motive to lie to protect himself.  In appraising his credibility, you may take that fact into account.

However, I want to say this with equal force to you -- it by no means follows that simply because a person has a vital interest in the trial's result, he is not capable of telling a truthful and straightforward story.

It is for you to decide to what extent, if at all, the defendant's interest has affected or colored his testimony.

<u>United States v. Floyd</u>, 555 F.2d 45, 47 n.4 (2d Cir. 1977); <u>United States v. Martin</u>, 525 F.2d 703, 706 n.3 (2d Cir. 1975).

23

GOVERNMENT'S PROPOSED INSTRUCTION NO. 20
Presumption of Innocence; Proof Beyond a Reasonable Doubt

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crimes with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The defendant has a right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against them.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to either defendant's guilt of a particular crime, it is your duty to acquit that defendant of that crime. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of a particular crime, you should vote to convict him.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.02 (1998).

24

GOVERNMENT'S PROPOSED INSTRUCTION NO. 21
Conspiracy – 18 U.S.C. § 371

Count One of the indictment charges the defendant with conspiracy to defraud the United States. Specifically, that the defendant did knowingly and willfully conspire to defraud the United States by impeding, impairing, obstructing and defeating the lawful government function of the Treasury Department and the Internal Revenue Service, an agency of the United States, in the ascertainment, computation, assessment and collection of revenue: to wit, federal income taxes.

For you to find the defendant guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between two or more people, to impede, impair, obstruct, and defeat the lawful government function of the Treasury Department and the Internal Revenue Service in the ascertainment, computation, assessment and collection of federal taxes;

Second, that the defendant knowingly and willfully joined in the agreement;

Third, that one of the conspirators committed at least one overt act in an effort to further the purpose of the conspiracy.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

25

The word "knowingly," means that the act was done voluntarily and intentionally and not because of mistake or accident.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed – that is to say either to disobey or disregard the law – not to act by ignorance, accident, or mistake.  The government must prove two types of intent beyond a reasonable doubt before a defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed.  Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that a defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions.  You need not find that a defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture.  Even if a defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later.  On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy.  Only one overt act has to be proven.  The government is not required to prove that the defendant personally committed or knew about the overt act.  It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime and the commission of one overt act.

First Circuit Pattern Jury Instructions (Criminal) Inst. 4.03 (1998).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 22
Income Tax Evasion – 26 U.S.C. § 7201

Counts Two and Three of the indictment charge the defendant with income tax evasion, in that on or about March 11, 1998, the defendant made or caused to be made false statements to a revenue agent of the Internal Revenue Service in order to mislead and impede an audit examination, and by filing false and fraudulent corporate and individual income tax returns for the calendar year 1995, by failing to report to the Internal Revenue Service accurate DCI revenues and income which he received. Count Two specifically charges the defendant with a violation in connection with tax evasion by his company, Digital Consulting, Inc. ("DCI"), for the tax year 1995. Count Three charges the defendant in connection with his own taxes for the tax year 1995.

For you to find the defendant guilty of tax evasion, the government must prove the following things beyond a reasonable doubt for each separate count:

First, that the defendant owed substantially more federal income tax for the year 1995 than was indicated as due on DCI's corporate return, in connection with Count Two, and his personal income tax return, in connection with Count Three;

Second, that the defendant intended to evade or defeat the assessment or payment of the tax; and

Third, that the defendant willfully committed an affirmative act in furtherance of this intent.

A person may not be convicted of federal tax evasion on the basis of a willful omission alone; he also must have undertaken an affirmative act of evasion. The affirmative act requirement can be met by the filing of a false or fraudulent tax return that substantially understates taxable income or by other affirmative acts of concealment such as making or causing to be made false

28

statements to a revenue agent of the IRS in order to mislead and impede an audit examination from discovering the prior acts of evasion in 1995.

The defendant acted "willfully" if the law imposed a duty on him, he knew of the duty, and he voluntarily and intentionally violated that duty.  Thus, if the defendant acted in good faith, he cannot be guilty of this crime.  The burden to prove intent, as with all other elements of the crime, rests with the government.  This is a subjective standard:  what did the defendant honestly believe, not what a reasonable person should have believed.  Negligence, even gross negligence, is not enough to meet the willful requirement.

First Circuit Pattern Jury Instructions (Criminal) Inst. 4.25 (1998).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 23
Acts of Co-conspirators

You will recall that I have admitted into evidence against the defendant the acts and statements of others because these acts and statements were committed by persons who, the government charges, were also confederates or co-conspirators of the defendant on trial.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant whose guilt you are considering was a member of the conspiracy charged in the indictment, then, any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against that defendant. This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were

not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.

1 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 19.02, Instruction No. 19-8 (2004).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 24
<u>Variance - Dates</u>

While we are on the subject of the elements, I should draw your attention to the fact that it does not matter if the indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date.  The law only requires a substantial similarity, between the dates alleged in the indictment and the date established by testimony or exhibits.

<u>United States v. Morris</u>, 700 F.2d 427 (1st Cir. 1983); Adapted from 1 Hon. Leonard B. Sand & John S. Siffert, et al, <u>Modern Federal Jury Instructions</u>, ¶3.01, Instruction 3-12, p. 329 (1995).

GOVERNMENT'S PROPOSED INSTRUCTION No. 25
<u>Consider Each Count Separately</u>

The indictment contains three counts for your consideration. Each count charges a separate crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each count. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged against him.

Adapted from 1 Devitt, Blackmar, Wolff and O'Malley, <u>Federal Jury Practice and Instructions</u>, §12.12 (4th ed. 1992).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 26
<u>Advice of Counsel Defense</u>

*(If Defendant Asserts this Affirmative Defense
and the Court Rules he is Entitled to An Instruction)*

The defendant has introduced evidence showing that he consulted with an attorney (*or attorneys*) and that he is not guilty of the willful or deliberate wrongdoing as charged in Counts One through Three of the indictment because he relied on advice from his attorney.

The mere fact that the defendant may have received legal advice does not, in itself, necessarily constitute a complete defense. Instead, you must ask yourselves whether the defendant honestly and in good faith sought the advice of a lawyer as to what he may lawfully do; whether he fully and honestly laid all the facts before his lawyer; and whether in good faith he honestly followed such advice, relying upon it and believing it to be correct. In short, you should consider whether, in seeking and obtaining advice from a lawyer, the defendant intended that his acts shall be lawful. If he did so, it is the law that a defendant cannot be convicted of a crime which involves willful and unlawful intent, even if such advice were an inaccurate construction of the law.

On the other hand, no man can willfully and knowingly violate the law and excuse himself from the consequences of his conduct by pleading that he followed the advice of his lawyer.

Whether the defendant acted in good faith for the purpose of seeking guidance as to the specific acts in this case, and whether he made a full and complete report to his lawyer, and whether he acted substantially in accordance with the advice received, are questions for you to determine.

1 L. Sand, <u>et al</u>, <u>Modern Federal Jury Instructions</u>: <u>Criminal</u>, ¶8.04 (2006).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 27

Foreperson's Role; Unanimity

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous.

First Circuit Pattern Jury Instructions (Criminal) Inst. 6.01 (1998).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 28
<u>Consideration Of Evidence</u>

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

<u>First Circuit Pattern Jury Instructions</u> (Criminal) Inst. 6.02 (1998).

GOVERNMENT'S PROPOSED INSTRUCTION N0. 29
<u>Reaching Agreement</u>

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

<u>First Circuit Pattern Jury Instructions</u> (Criminal) Inst. 6.03 (1998).

37

GOVERNMENT'S PROPOSED INSTRUCTION NO. 30
Return Of Verdict Form

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

[Read form.]

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

First Circuit Pattern Jury Instructions (Criminal) Inst. 6.04 (1998).

38

GOVERNMENT'S PROPOSED INSTRUCTION NO. 31
<u>Communication With The Court</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

<u>First Circuit Pattern Jury Instructions</u> (Criminal) Inst. 6.05 (1998).

39