UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
UNITED STATES OF AMERICA      )
                              )
                              )
v.                            )    CRIMINAL NO. 04-10060-RCL
                              )
                              )
GEORGE SCHUSSSEL              )
_____)


**DEFENDANT'S REQUESTS FOR INSTRUCTIONS TO THE JURY**

   Now comes the defendant George Schussel and respectfully requests that this Honorable Court provide the jury with the following instructions.

                                        Respectfully submitted,

                                        By his attorneys,


   **/s/ Francis J. DiMento**            **/s/ Martin G. Weinberg**
   Francis J. DiMento.                   Martin G. Weinberg
   DiMento & Sullivan                    Mass. Bar. No. 519480
   7 Faneuil Hall Marketplace            20 Park Plaza, Suite 905
   Boston, Massachusetts 02109           Boston, Massachusetts 02116
   (617) 523-2345                        (617) 227-3700

Date: December 29, 2006

## **CERTIFICATE OF SERVICE**

      I, Martin G. Weinberg, hereby certify that on this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 29, 2006.

                                                      /s/ Martin G. Weinberg

## INSTRUCTION NO. 1

### Elements of the offense: 26 U.S.C. §7201

The elements of the offenses charged in Counts Two and Three of the indictment are: (1) wilfulness, (2) the existence of a tax deficiency, and (3) an affirmative act constituting an evasion or an attempted evasion of the tax.

---

*See, e.g., Sansone v. United States*, 380 U.S. 343, 351 (1965); *United States v. Lavoie*, 433 F.3d 95, 97 (1st Cir. 2005).

## **INSTRUCTION NO. 2(A)**

## **The Offenses Charged in Counts Two and Three (1)**

The filing of false federal income tax returns for calendar year 1995 does not constitute the offenses charged in Counts Two and Three, and you may not convict defendant Schussel of the offenses charged in Counts Two and Three based on a finding that he filed or caused the filing of false income tax returns for calendar year 1995 for DCI or for himself personally. Instead, I charge you that you may not convict defendant Schussel of the offenses charged in Counts Two and Three unless you find beyond a reasonable doubt that he wilfully attempted to evade a part of the taxes due and owing by making or causing to be made false statements to an IRS revenue agent on or about March 11, 1998, in order to mislead an audit examination of DCI's corporate tax return for calendar year 1995.

**INSTRUCTION NO. 2(B)**

Alternatively, and without waiving defendant Schussel's objection to jury's consideration of the May 6, 1998, signing of the adjustment letter as an affirmative act of evasion:

**The Offenses Charged in Counts Two and Three (2)**

The filing of false federal income tax returns for calendar year 1995 does not constitute the offenses charged in Counts Two and Three, and you may not convict defendant Schussel of the offenses charged in Counts Two and Three based on a finding that he filed or caused the filing of false income tax returns for calendar year 1995 for DCI or for himself personally. Instead, I charge you that you may not convict defendant Schussel of the offenses charged in Counts Two and Three unless you find beyond a reasonable doubt that he wilfully attempted to evade a part of the taxes due and owing by making or causing to be made false statements to an IRS revenue agent on or after February 26, 1998, in order to mislead an audit examination of DCI's corporate tax return for calendar year 1995.

**INSTRUCTION NO. 3**

**Wilfulness**

Defendant Schussel acted wilfully if the law imposed a duty on him, he knew of that duty, and he voluntarily and intentionally violated that duty. Thus, if defendant Schussel acted in good faith, he cannot be guilty of filing a false and fraudulent tax return, as charged in Counts Two and Three. This is a subjective standard; the question is what defendant Schussel actually believed, not what a reasonable person would have believed. Negligence, even gross negligence, is not enough to meet the wilfulness requirement. As with all other elements of the offense, the government bears the burden to prove beyond a reasonable doubt that defendant Schussel acted wilfully.

**INSTRUCTION 3(A)**

Thus, you cannot convict defendant Schussel of the offenses charged in Counts Two or Three unless the government proves beyond a reasonable doubt that he knew that he had the duty to instruct his attorney Edward DeFranceschi to make changes in the letter to the IRS prepared by DeFranceschi dated March 11, 1998.

**INSTRUCTION 3(B)**

Alternatively, and without waiving defendant Schussel's contention that the filing of the federal income tax returns for calendar year 1995 may not be a basis for conviction of Schussel on Counts Two or Three:

You may not convict defendant Schussel of the offense charged in Count Two unless you find beyond a reasonable doubt that he knew that he had a duty to instruct his corporate accountant to declare all of the income paid to DCIL in 1995 on the DCI corporate income tax return for calendar year 1995.

**INSTRUCTION 3(C)**

Alternatively, and without waiving defendant Schussel's contention that the filing of the federal income tax returns for calendar year 1995 may not be a basis for conviction of Schussel on Counts Two or Three:

Similarly, you may not convict defendant Schussel of the offense charged in Count Three unless you find beyond a reasonable doubt that he knew that he had a duty to declare all of the income paid to DCIL in 1995 on his personal federal income tax return for calendar year 1995.

**INSTRUCTION 3(D)**

Alternatively, and without waiving defendant Schussel's objection to jury's consideration of the May 6, 1998, signing of the adjustment letter as an affirmative act of evasion:

You may not convict defendant Schussel of the offenses charged in Counts Two or Three based upon the signing of the May 6, 1998, adjustment letter unless you find beyond a reasonable doubt that he knew that he had a duty to reject his attorney's advice that he sign the May 6, 1998, adjustment letter.

---

First Circuit Pattern Criminal Jury Instructions §4.37 (2002 revision); *Cheek v. United States*, 498 U.S. 192 (1991).

**INSTRUCTION NO. 4**

**Statute of Limitations – Counts Two and Three**

A prosecution for the offenses charged in Counts Two and Three must be commenced within 6 years of the completion of the alleged offense. The indictment in this case was returned on February 26, 2004. In order to convict defendant Schussel of the offenses charged in Counts Two or Three, therefore, you must find beyond a reasonable doubt that he committed an affirmative act constituting an evasion or an attempted evasion of the tax on or after February 26, 1998. If you do not find beyond a reasonable doubt that defendant Schussel committed such an affirmative act on or after February 26, 1998, then you must acquit him of the offenses charged in Counts Two and Three.

---

26 U.S.C. §6531

**INSTRUCTION NO. 5**

**Statute of Limitations – Counts Two and Three**

Counts Two and Three charge defendant Schussel with committing the offense in one of two ways: "by making or causing to be made false statements to a revenue agent of the Internal Revenue Service in order to mislead and impede an audit of examination of Digital Consulting, Inc.'s 1995 United States Corporate Income Tax return," or by filing or causing to be filed with the Director, Internal Revenue Service Center, at Andover, Massachusetts, a false and fraudulent" income tax return for calendar year 1995. You may not convict defendant Schussel of the offense charged in Count Two based on the second alternative – the filing of a false or fraudulent tax return for calendar year 1995 – unless you find beyond a reasonable doubt that an affirmative act of tax evasion occurred on or after February 26, 1998. Because there is no dispute that the federal income tax returns for calendar year 1995 for DCI and for defendant Schussel were filed on or about March 15, 1996, *i.e.,* before February 26, 1998, you may not rely on the filing of those returns as a basis on which to convict defendant Schussel of the offenses charged in Counts Two and Three, even if you find that either or both of those returns contained false statements.

___

*Sansone v. United States*, 380 U.S. 343 (1965); *United States v. Uscinski*, 369 F.3d 1243, 1247 & n.\* (11th Cir. 2004).

**INSTRUCTION NO. 6**

7

**<u>Multiple Conspiracy – General</u>**

Count One of the indictment charges defendant Schussel with conspiring from in or about January, 1988, through in or about May 8, 1998, to knowingly and wilfully defraud the United States by impeding, impairing, obstructing, and defeating the lawful government function of the Treasury Department and the Internal Revenue Service in the ascertainment, computation, assessment and collection of federal income taxes.

In order to sustain its burden of proof on this charge, the government must prove beyond a reasonable doubt that the single overall conspiracy charged in Count One of the indictment existed. Proof of separate or independent conspiracies is not sufficient. Even if the evidence shows that defendant Schussel was a member of some conspiracy, but that this conspiracy was not the single conspiracy charged in the indictment, you must acquit defendant Schussel of this charge. Unless the government proves the existence of the overall conspiracy charged in Count One of the indictment beyond a reasonable doubt, you must acquit defendant Schussel of the offense charged in Count One.

---

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions §31.09 (5th ed.).

**INSTRUCTION NO. 7**

**Statute of Limitations – Count One**

In order to convict defendant Schussel of the conspiracy offense charged in Count One of the indictment, you must find beyond a reasonable doubt that defendant Schussel or a coconspirator knowingly committed an overt act in furtherance of the conspiracy on or after February 26, 1998.

**INSTRUCTION NO. 8**

**Separate Conspiracies/Statute of Limitations**

Acts undertaken to conceal the commission of a crime do not extend the duration of a conspiracy to commit the crime unless there was an express original agreement among the conspirators to continue to act in concert in order to cover up their crime. Thus, in order to find that a later act undertaken or designed to conceal the crime was an overt act in furtherance of the conspiracy to commit the crime, you must find beyond a reasonable doubt that the original conspiratorial agreement expressly contemplated that the coconspirators would continue to act together after the commission of the crime to conceal its commission. If you cannot find beyond a reasonable doubt that concealment of the crime was expressly part of the original conspiratorial agreement, then such acts of concealment cannot constitute overt acts in furtherance of the conspiracy. Unless you find beyond a reasonable doubt that future concerted action to conceal the filing of false tax returns for 1995 was an express part of the original conspiratorial agreement to file false tax returns, if you find that such an agreement existed, no such acts of concealment may be considered by you to be overt acts in furtherance of the conspiracy. Even if you find that defendant Schussel later agreed with others to conceal the filing of false income tax returns for 1995, such later agreement does not suffice to extend the life of the original conspiracy to file false tax returns for 1995, if you find that such a conspiracy existed at all.

---

*See, e.g., Grunewald v. United States*, 353 U.S. 391, 401-05 (1957); *United States v. Twitty*, 72 F.3d 228, 233-34 (1st Cir. 1995).

# INSTRUCTION NO. 9

## Withdrawal from the Conspiracy/Statute of Limitations

In order to withdraw from a conspiracy, a conspirator must act affirmatively either to defeat or disavow the purposes of the conspiracy. One way in which a coconspirator may withdraw from a conspiracy is to communicate to his coconspirators that he has abandoned the conspiracy and its goals. If you find that the conspiracy charged in Count One existed and that defendant Schussel was a member of that conspiracy, defendant Schussel contends that by bringing in Coopers & Lybrand to do an audit of DCI's 1996 finances and by taking all necessary steps to bring DCI's tax returns for 1996 and thereafter into full compliance with the requirements of the federal tax laws governing the reporting of income and the payment of taxes due and owing, he withdrew from the conspiracy, abandoned the conspiracy and its goals, and communicated his doing so to his coconspirators. It is defendant Schussel's contention that he withdrew from the conspiracy no later than December 31, 1996. If you find that defendant Schussel withdrew from the conspiracy, then the 6-year statute of limitations with respect to the conspiracy offense charged in Count One began to run as of the date on which you find that defendant Schussel withdrew from the conspiracy. If you find that defendant Schussel withdrew from the conspiracy more than six years prior to the date on which the indictment was returned, *i.e.*, before February 26, 1998, then you must acquit defendant Schussel of the offense charged in Count One.

The government bears the burden to prove beyond a reasonable doubt that defendant Schussel

did not withdraw from the conspiracy and that his membership in the conspiracy continued into the limitations period, *i.e.*, beyond February 26, 1998.

---

*See, e.g., United States v. Sax*, 39 F.3d 1380, 1388 (7th Cir. 1994), *United States v. Nason*, 9 F.3d 155, 161-62 (1st Cir. 1993); *United States v. Piva*, 870 F.2d 753, 757 (1st Cir. 1989); *United States v. Juodakis*, 834 F.2d 1099, 1102 (1st Cir.1987).

## INSTRUCTION NO. 10

### False Statements

Counts Two and Three charge defendant Schussel with wilfully attempting to evade and defeat a part of the income tax due and owing by DCI and by himself personally by making false statements to an IRS revenue officer or by causing false statements to be made to an IRS revenue officer. In determining whether defendant Schussel is guilty of the offenses charged in Counts Two and Three, you may not consider as false statements any statements which were made in response to questions asked by Revenue Agent Kelly McGovern Jordan and which were literally true, even if those statements are determined by you to have been incomplete or even misleading.

---

*See Bronston v. United States*, 409 U.S. 352 (1973); *United States v. Poutre*, 646 F.2d 685, 687-88 (1st Cir. 1980); *United States v. Attick*, 649 F.2d 61, 63 (1st Cir. 1981); *United States v. Good*, 326 F.3d 589, 591 (4th Cir. 2003); *United States v. Moses*, 94 F.3d 182, 188 (5th Cir. 1996); *United States v. Serafini*, 167 F.3d 812, 822 n.16 (3d Cir. 1999); *United States v. Mandanici*, 729 F.2d 914, 921 (2d Cir. 1984); *United States v. United States v. Rendon-Marquez*, 79 F.Supp.2d 1361, 1363 (N.D. Ga. 1999), *aff'd* 228 F.3d 416 (11th Cir. 2000)(table).

## INSTRUCTION NO. 11

## Theory of Defense (1)

Taxpayers have the right to hire professionals to perform legal services for them in connection with tax matters and to rely on them to act competently, ethically, and lawfully in the discharge of their professional responsibilities.

**INSTRUCTION NO. 12**

**Theory of Defense (2)**

A defendant does not act wilfully if he retains counsel to represent him in conjunction with an IRS audit, gives him a power of attorney to act as his tax representative in conjunction with that audit, discloses to the attorney the relevant facts and circumstances, and then relies on his attorney to represent him during the audit in a professionally competent, ethical, and lawful manner. A defendant who has done so does not become criminally liable for wrongful acts of his attorney during the course of his representation of him in conjunction with an IRS audit, for example, for any false statements made by the attorney in response to inquiries made by the IRS revenue agent conducting the audit, such as the March 11, 1998, letter authored by DeFranceschi, if you find that any statements in the letter written by DeFranceschi were false.