UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
UNITED STATES OF AMERICA      )
                              )
                              )
v.                            )      CRIMINAL NO. 04-10060-RCL
                              )
                              )
GEORGE SCHUSSEL               )
_____)


**DEFENDANT'S SUPPLEMENTAL REQUESTS FOR INSTRUCTIONS TO THE JURY**


Now comes the defendant George Schussel and respectfully requests that this Honorable Court provide the jury with the following additional instructions.

                                          Respectfully submitted,

                                          By his attorneys,


**/s/ Francis J. DiMento**            **/s/ Martin G. Weinberg**
Francis J. DiMento.                   Martin G. Weinberg
DiMento & Sullivan                    Mass. Bar. No. 519480
7 Faneuil Hall Marketplace            20 Park Plaza, Suite 905
Boston, Massachusetts 02109           Boston, Massachusetts 02116
(617) 523-2345                        (617) 227-3700

Date: January 22, 2007

**CERTIFICATE OF SERVICE**

      I, Martin G. Weinberg, hereby certify that on this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 22, 2007.

                                             **/s/ Martin G. Weinberg**

**INSTRUCTION NO. 1**

**Duties of Counsel and Client(1)**

The rules governing the professional conduct of attorneys encourage clients to communicate fully with their lawyers and to disclose to the lawyer as much information as possible about the matter for which the lawyer has been engaged. Almost without exception, clients come to lawyers in order to determine what their rights are and what is, in the maze of laws and regulations, deemed to be legal and correct. The common law recognizes that the client's confidences must be protected from disclosure. Clients therefore are encouraged to fully disclose all information regarding the matter, even if embarrassing or legally damaging. If that were not the case, the client would be far less likely to receive sound legal advice. Lawyers often receive information from clients about past acts that if known to others would be embarrassing or legally damaging to the client. The ethical rules prohibit a lawyer from revealing such information, unless the confidential communication falls within one of the specific exceptions enumerated in the Rules.

Once the client has fully disclosed all information regarding past acts, and especially when the client has, at the request of the lawyer, signed over authority to the lawyer to act on his behalf, the client legitimately is relying on the lawyer's judgment about what is appropriate and not appropriate to communicate. If you find that defendant Schussel fully disclosed the facts to his attorney Edward DeFranceschi, then he had a right to rely on his attorney's legal judgment in determining what would be communicated to the IRS Revenue Agent and what documents would be provided to her, and he had no obligation to correct anything which he may have perceived as a mistake or error on the part of DeFranceschi in his dealings with the IRS Revenue Agent.

---

Affidavit of Arnold R. Rosenfeld; Mass. R. Prof. C. 1.6 & Comment [3].

**INSTRUCTION NO. 2**

**Duties of Counsel and Client (2)**

Clients are not precluded from suggesting proposed responses to questions posed by IRS revenue agents during a tax audit. Once a client has fully disclosed the relevant facts to his lawyer, it is up to the lawyer to determine what his rights are and what is, in the maze of laws and regulations, deemed to be legally correct. A client could not determine what is legally correct unless he sought his lawyer's sound legal advice. One way to accomplish this is to make proposals to one's lawyer and to accept the lawyer's advice. The lawyer needs this information in order to represent the client effectively and, if necessary, to advise the client to refrain from wrongful conduct. Almost without exception, clients come to lawyers in order to determine their rights and what is, in the complex of law and regulations, deemed to be legal and correct. Unless the client ignores the lawyer's advice and seeks to violate the law, there is a duty on the part of the lawyer under the Rules of Professional Conduct not to disclose proposals a client makes.

_____

Affidavit of Arnold R. Rosenfeld; Mass. R. Prof. C. 1.6 & Comment [3], Rule 1.6; ABA Model Rules of Professional Conduct 1.6 & Comment [2].

## INSTRUCTION NO. 3

### Amendment of Contract

A written contract may be changed or amended by oral agreement with the consent of all parties to the contract.

---

*See Mitchell v. State Farm Fire and Cas. Co.*, 15 F.3d 959, 962 n.3 (10th Cir. 1994); *see also Beal Bank S.S.B. v. Krock*, 187 F.3d 621 (table), 1998 WL 1085807 at *2-*3 (1st Cir. September 3, 1998) (unpublished).

Case 1:04-cr-10060-RCL    Document 97    Filed 01/22/2007    Page 6 of 6