UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
UNITED STATES OF AMERICA      )
                              )
                              )
v.                            )    CRIMINAL NO. 04-10060-RCL
                              )
                              )
GEORGE SCHUSSEL               )
_____)
```

## DEFENDANT GEORGE SCHUSSEL'S MOTION TO STRIKE
## OVERT ACTS DD AND HH

Now comes the Defendant George Schussel and respectfully moves that this Honorable Court strike Overt Acts dd and hh from the indictment and remove them from the jury's consideration.

As reason therefor, defendant states:

**Overt Act dd**

1. Overt Act dd should be stricken because there is insufficient evidence to support the allegation that "[i]n or about September 1997 through in or about November 1997, Schussel caused steps to be taken to delete information in DCI's computer database relating to DCI's revenues in 1995, in an effort to falsely and fraudulently have the amount of DCI revenue noted in the database equal the amount of revenue provided by Schussel in DCI's 1995 Corporate U.S. Income Tax return."

2. The evidence clearly demonstrates that the deletion of the database information at issue was neither an act in furtherance of the conspiracy charged nor was it motivated by a desire to deceive the IRS, but was rather motivated by the desire to sell the company. First, the evidence shows that discussions regarding the deletion of database information began in June,

1997, three months before the notice of audit was received. Second, Reed testified that this data constituted management/business records and *not* accounting records. Third, Reed testified that the information at issue, the attendee and vendor records, were in fact made available to the revenue agent. Thus, no reasonable juror could conclude that Overt Act dd was an overt act in furtherance of the conspiracy charged. It should, therefore, be stricken to avoid the potential unfair prejudice to Schussel of having an unproven overt act remain in the case and available to the jury for its consideration in determining whether the government has proven an overt act in furtherance of the conspiracy or that any conspiracy, assuming *arguendo* only that there was one, was still in existence in September to November, 1997.

**Overt Act hh**

>    3.  Overt Act hh alleges that:
>
>    [o]n or about May 6, 1998, Schussel signed IRS Form CG-4549, acknowledging and agreeing to income tax examination changes that the revenue agent made to DCI's 1995 Corporate U.S. Income Tax Return which showed that $18,859.00 was additional income tax due for DCI's 1995 calendar year. As Schussel well knew, this amount was, in fact, substantially less than the true amount due to the IRS because Schussel had concealed DCI's true income for 1995 from the revenue agent during the course of the audit.

No reasonable juror could find, based upon the evidence presented by the government, that the signing of the adjustment letter by Schussel was a criminally culpable affirmative act of evasion on Schussel's part. At most, Schussel consented to the adjustment made by the IRS; his signing of the letter signified that he was waiving certain rights to appeal the adjustment, but it in no way constituted an affirmative representation that the additional taxes due set forth in the adjustment letter reflected the entirety of the additional taxes which the IRS could possibly have added to the adjustment. Kelly McGovern Jordan, the IRS revenue agent, testified that when a taxpayer signs an adjustment letter, he is agreeing to the adjustments and nothing else. Ms. Jordan further

testified that both the IRS and the taxpayer are free to re-open the matter with respect to further adjustments (whether additional taxes or refunds) within the three-year statutory period. Thus, the matter was not at an end simply because the adjustment letter was signed. Moreover, DeFranceschi testified that he informed Schussel that there was no tax due an owing as to DCI based upon his analysis of the DCI-DCIL user group finances for calendar 1995.

4.     Under *Cheek v. United States*, 498 U.S. 192 (1991), the government must prove beyond a reasonable doubt that Schussel acted wilfully, which, in the context of a tax prosecution under 26 U.S.C. §7201, requires that the government prove that the law imposed a duty on Schussel, that he knew of that duty, and that he voluntarily and intentionally violated that duty. In the context of this case, *Cheek* requires that the government prove beyond a reasonable doubt that Schussel knew that he had a *duty* not to sign the adjustment letter and that he voluntarily and intentionally violated that duty. It is clear that Schussel did not act wilfully, as defined by *Cheek*, when he signed the adjustment letter. Adopting the contrary position would require the Court to embrace the anomaly that a taxpayer can be under a legal duty *not* to agree to an adjustment, a wholly unsupported proposition.

5. Overt Act hh should, therefore, be stricken to avoid the potential unfair prejudice to Schussel of having this overt act remain in the case and available to the jury for its consideration in determining whether the government has proven an overt act in furtherance of the conspiracy charged in Count One within the limitations period or an affirmative act of evasion within the limitations period for purposes of Counts Two and Three.

6. Where the government has not proven overt acts alleged in the indictment, the First Circuit has indicated that the better practice is to remove them from the jury's consideration. *See United States v. Forzese*, 756 F.2d 217, 222 (1st Cir. 1985).

Respectfully submitted,
By his attorneys,

| | |
|---|---|
| **/s/ Francis J. DiMento** | **/s/ Martin G. Weinberg** |
| Francis J. DiMento. | Martin G. Weinberg |
| DiMento & Sullivan | Mass. Bar. No. 519480 |
| 7 Faneuil Hall Marketplace | 20 Park Plaza, Suite 905 |
| Boston, Massachusetts 02109 | Boston, Massachusetts 02116 |
| (617) 523-2345 | (617) 227-3700 |

Date: January 23, 2007

## CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 23, 2007.

**/s/ Martin G. Weinberg**