UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.    )<br>)<br>GEORGE SCHUSSEL,    )<br>    Defendant.    ) | Cr. No. 04-10060-RCL |

**DEFENDANT'S REQUESTS FOR FINDINGS OF FACT AND RULINGS OF LAW RE § 3553 (a) FACTORS**

**Facts**

1. The tax loss amounts to approximately $2 million.

2. The defendant voluntarily ceased the offending conduct in 1996, six years before its disclosure to the government, in 2002.

3. When the audit that is the subject of this indictment began in October, 1997, the defendant retained two highly qualified and reputable attorneys.

4. In accordance with the defendant's instructions, his subordinates made a full disclosure of all wrongdoing to both attorneys and gave them their full cooperation.

5. The defendant, himself, similarly cooperated with, and made full disclosure to, his attorneys.

6. Very early in the audit, once orally, and again in writing, on December 7, 1997, the defendant expressed his desire to file amended returns.

7. On both occasions he was advised by counsel to await the close of the audit.

8. On May 6, 1998, at the close of the audit, after being advised by both his attorneys that a reopening of the audit was unlikely, the defendant nevertheless expressed his wish to refile.

9. When the defendant became insistent on his desire to refile, he was advised by the lead attorney in the handling of the audit that refiling would "give the IRS an ax to chop you into little pieces."

10. It was on this advice that the defendant opted not to file amended returns.

11. Had the amended returns been filed, the defendant would have been protected from prosecution by virtue of the Treasury's Voluntary Disclosure Policy.

12. On December 28, 2006, the defendant paid $3.5 million for credit against whatever tax deficiency, plus interest and penalties, that may finally be determined.

13. The defendant's attorney made the final decision as to the content of the offending letter of March 11, 1998.

14. It was on the advice of counsel that the defendant, on May 6, 1998, executed the waiver of appeal from the IRS determination of a tax deficiency that was less than the amount actually due. [1]

15. This offense aside, the defendant has led an exemplary life, has made important contributions to science and technology, and has given generously of himself to his community.

---

[1] If the Court should consider it helpful, the defendant will have available two experts, Arnold R. Rosenfeld and Charles J. Reilly, both attorneys, to testify as to the ethical obligations of lawyers in the circumstances of this case.

## Law

1. The nature and circumstances of the offense and the history and characteristics of the defendant warrant a non-Guidelines sentence.

2. The tax loss as calculated by the government overstates the seriousness of the offense.

By his attorneys,

| | |
|---|---|
| /s/ Francis J. DiMento | /s/ Martin G. Weinberg |
| Francis J. DiMento | Martin G. Weinberg |
| BBO No. 125000 | BBO No. 51940 |
| DiMENTO & SULLIVAN | Oteri, Weinberg & Lawson, P.A. |
| 7 Faneuil Marketplace, 3rd Floor | 20 Park Plaza, Suite 905 |
| Boston, MA 02109 | Boston, MA 02116 |
| Tel. (617) 523-2345 | Tel. (617) 227-3700 |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants, and a copy via email to Sean P. Buckley, U.S.P.O. (sean_buckley@map.uscourts.gov), on July 6, 2007.

/s/ Francis J. DiMento